28804.  FIRST BANCREDIT CORPORATION *v.* J. G.
McKENZIE LUMBER COMPANY *et al.*

DECIDED JULY 16, 1941.  REHEARING DENIED JULY 31, 1941.

*John R. Wilson,* for plaintiff.

*Charles H. Kirbo, Vance Custer,* for defendant.

MacINTYRE, J. The petition is in two counts. Counsel for both parties seem to concede that the first count sounds in tort for deceit, and it might be here noted that the prayer in the first count is that the petitioner "do have and recover judgment" against the defendants, without specifying any amount, which would indicate an intention to sue on the tort. Under our Code, § 105-2006, "General damages are such as the law presumes to flow from any tortious act, and may be recovered without proof of any amount. Special damages are such as actually flowed from the act, and must be proved in order to be recovered."

Count 1 in effect alleges the following essentials for a suit in tort for deceit by means of false representations: (1) that the defendants made the representations; (2) that at the time they knew they were false; (3) that they made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied upon such representations; (5) that the plaintiff sustained the loss and damage alleged as the proximate result of the misrepresentations having been made. *Young* v. *Hall*, 4 *Ga.* 95, 98; *Penn Mutual Life Insurance Co.* v. *Taggart*, 38 *Ga. App.* 509 (144 S. E. 400); *Reddick* v. *Strickland*, 25 *Ga. App.* 275 (4) (103 S. E. 94).

Count 2 alleges that there was an express provision in the contract that any loss by reason of the misrepresentations of the defendants as to the existence of certain notes and a security deed was to be prevented by a repurchase of the notes which occasioned or were about to occasion the loss, and that this provision of the contract was violated when the defendants failed to repurchase the notes. The amount of recovery prayed for in the second count is the same amount as that due on the notes. The special provision of the contract which it seems the plaintiff was seeking to enforce is stated in paragraph 5 of the second count as follows: The defendants agreed "to repurchase on demand from the Phillip Carey Company, or any finance company designated by Phillip Carey Company to handle the installment notes offered by J. G. McKenzie Lumber Company [one of the defendants], the unpaid balance of any note upon the discovery by your petitioner of any material misrepresentation with respect to the particular transaction." Count 2 also contains many allegations of fact which are the same as in count 1, which is based on tort, but when considered as a whole, count 2 seems to us to be based on contract. Count 2, it is true, contains many allegations of fact which would be appropriate in an action for tort; however, this does not necessarily change the character of the petition from an action on a contract to one in tort. Furthermore, the prayer in count 2 is that the petitioner "do have and recover of the said J. G. McKenzie Lumber Company, J. G. McKenzie and W. G. McKenzie [the defendants] the sum of $1331 in damages;" and this would be the actual amount that the defendants would be required to pay the plaintiff if they complied with the specific provision of the contract above stated. In a suit on a contract, under our Code, the plaintiff can generally

recover only the actual damages flowing from the breach. We think count 2, when considered as a whole, was properly stricken as being a suit on a special provision of the contract and hence on the contract where the plaintiff had elected to sue in tort. The judge did not err in striking count 2 on demurrer based on the ground of misjoinder of causes of action.

The plaintiff demurred "generally and specially" to the answer. The general demurrer was not meritorious. Plaintiff demurred specially to subparagraphs a, b, c, d, and e, of paragraph 11 of the answer on the ground that they were not responsive to any of the material allegations in the petition and were irrelevant and immaterial, and on the further ground that they were self-serving declarations which were only calculated to prejudice the mind of the jury. On the hearing of the special demurrers the court sustained those to subparagraphs a and d and struck them from the answer, and overruled the special demurrers to b, c, and e. Subparagraph b was a relevant and material denial of that essential element of this action of deceit denominated 4 in the second paragraph of this opinion. The judge did not err in overruling the demurrer to it. Subparagraph c was in effect a statement of an alleged fact which the jury could take into consideration along with other circumstances in determining whether the essential element of this action denominated 3 in the second paragraph of this opinion had been proved. Subparagraph e was in effect an allegation that the plaintiff was attempting to force on the defendants a guaranty which had not been contracted for, and was material in that the defendants were permitted to give the full background of the case and to show the bad faith of the plaintiff if such appeared.

In considering these questions as well as the general and special grounds in this case, we should bear in mind that the gist of the action is the intent and purpose to deceive and defraud, and a wide range of evidence is permissible in proof of circumstances tending to prove or disprove the intent to defraud, and all the circumstances of the transaction may be submitted to the jury provided they afford any fair presumption or inference as to the matter of intent or lack of intent. *Keener* v. *State,* 18 *Ga.* 194, 225 (63 Am. D. 269); *Nelson* v. *State,* 51 *Ga. App.* 207 (2) (180 S. E. 16); *Smith* v. *Dudley,* 69 *Ga.* 78 (3).

In special ground 1 the plaintiff contends that the judge erred in

refusing to allow the plaintiff to introduce a written contract solely between the Phillip Carey Company and the plaintiff, which contract was not signed by either of the defendants. Count 1 of the petition, on which the case went to trial, was extremely well pled, and set out the facts which the plaintiff claimed constituted the tort, and in accordance with good pleading the plaintiff did not set out the entire contract just referred to, by way of inducement, but set out only such parts thereof as were material for this purpose. On the trial the plaintiff was allowed to introduce evidence to show all the material parts of the contract that the plaintiff claimed by way of "inducement." As the written contract was long and technical, and the defendants were not signers thereof, and the jury had the benefit of the provisions of the contract which were material to a clear understanding of the case, we see no reversible error in refusing to allow in evidence the whole of this long, technical contract which contained many provisions not material to a decision of the case.

Special grounds 2 and 3 relate to questions asked by the defendants on cross-examination of plaintiff's witnesses, and have to do with the question whether the notes in controversy had a homestead-waiver clause, and the defendants were evidently endeavoring to show whether the taking of the notes without such a clause, under all the circumstances of this case, was using reasonable diligence. Bearing in mind the quality of all the facts and that the suit was for deceit based upon actual fraud by means of false representations, we do not think these grounds disclose reversible error. *Newsom* v. *Jackson*, 26 *Ga.* 241 (71 Am. D. 206); Yanelli *v.* Littlejohn, 172 Mich. 91 (137 N. W. 723).

Grounds 4 and 5 are exceptions to the testimony of two of the defendants while testifying on direct examination. This was an action for deceit and the gist of the action was an intention to deceive by false representations. One of the said defendants on direct examination, over objection by the plaintiff that the evidence was a conclusion of the witness, was permitted to testify that he did not "by word of mouth, or in any way, mislead the First Bancredit Corporation [the plaintiff]." "The *substantive law* may declare the intent of a person to be immaterial; in that case, testimony to his intent, from himself or from any one else, will be excluded, but not by virtue of the opinion rule or of any other rule

of evidence." 7 Wigmore on Evidence (3d ed.), 107, § 1967. There are many "situations in which under the substantive law a state of mind may . . be a part of the issue . . [as] in an action for *deceit,* [where] the plaintiff's reliance upon the defendant's representations [is the issue]. . . Whether or not the motive, reason, or other state of mind, may be proved, is in all of these not a question of Evidence-law." Id. 108, § 1967. If the intention of the actor (the defendants) in the present action of deceit is "in substantive law to control the legal effect of his act . . then testimony to that intention is receivable, if not, then inadmissible; but the exclusion has nothing to do with the opinion rule or any other rule of evidence." Id. 104, 108, §§ 1965, 1967 (2). This being an action for deceit under the substantive law of this State, the state of mind of the defendants, the intention to deceive, is the gist of the action, it is that which one party affirmed and the other denied, and the actor's intention is allowed in substantive law to control the legal effect of the act. Hence the testimony to that intention by the actors themselves was not subject to the objection urged. The witnesses were testifying to that which was the equivalent of denying that they had done the specified acts which constituted the deceit and were subject to cross-examination as to all the constituent acts. They were testifying to that which was material, the truth or falsity of which was known to them. See also in this connection *Pride* v. *State,* 133 *Ga.* 438, 441 (66 S. E. 259).

Ground 6 complains that the judge erred in allowing J. G. McKenzie, a witness for the defendants, to give the following answer to the following question: Q. "After the people [referring to the plaintiff] made the complaint in this case, what did you offer to do in reference to the equity the lumber company held in it?" A. "I authorized my attorney to make them an offer that we would deed them the place subject to the F H A loan, provided they would pay the taxes and some other little funds on it. I had sustained a good loss on Mr. Pollock's account, and we thought that if they thought we had been unfair that we would give them the whole equity and that we would give them the place. We offered to put them in our shoes and they refused." It should be borne in mind that the gist of this action was the intent and purpose to defraud, and we think the question and the answer were admissible, at least,

for the purpose of showing good faith in handling the whole transaction.

We think that the judge in his charge to the jury fully, fairly, and clearly covered the issues involved in the request to charge referred to in ground 7, and did not err, as contended therein, in refusing to charge as requested. The judge did not err, as contended in ground 8, in charging the jury that "under the laws of this State, the head of a family is entitled to an exemption of his property free from all debts, liens, and encumbrances up to the amount of $1600, unless by a contract in writing he expressly waives such exemption." Evidence was allowed that there was no waiver of homestead exemption in the notes, and that a failure to have such a waiver incorporated in them was a failure to use reasonable diligence, under the circumstances of this case, hence this charge was not error. *Pride* v. *State, Keener* v. *State,* supra.

In ground 9 the plaintiff contends that the judge erred in charging the jury as follows: "A qualified indorsement constitutes the indorser a mere assignor of the title to the instrument. It may be made by adding to the indorser's signature the words 'without recourse,' or any words of similar import. Such an indorsement does not make the indorser liable upon the default of the maker." In order for the jury to understand the issues in this case, it was necessary for them to know what a qualified indorsement meant, or what the words "without recourse" imported as it related to the facts of this case. The first and second sentences of this excerpt were in the words of our Code, § 14-409, and the last sentence, we think, when considered in connection with the first two, was applicable to the pleadings and the evidence.

The evidence authorized the verdict in favor of the defendants.

*Judgment affirmed. Broyles, C. J., concurs. Felton, J., dissents. Gardner, J., disqualified.*

FELTON, J. I dissent from the judgment of affirmance for the reason that in my opinion the court erred in overruling the demurrers of the plaintiff to paragraphs c and e of the answer. The matters set up in these parts of the answer were utterly immaterial and irrelevant on the question as to whether there was a fraudulent concealment acted on by the plaintiff, and such matter injected into the case might reasonably tend to mislead and confuse the jury on the vital issue involved.