33542. SKINNER *v.* MELTON.

Decided June 9, 1951.

*O. N. Singleton* and *Russell C. Davison Jr.,* for plaintiff in error.

*John A. Smith, Ed Wohlwender Jr.,* contra.

FELTON, J. W. M. Skinner sued T. R. Melton for alleged fraud and deceit. The amended petition alleged substantially: that on February 28, 1949, plaintiff and defendant entered into a timber agreement, a copy of which is attached to the petition; that defendant represented to plaintiff that he was the owner of a lease to certain timber rights on certain described property; that defendant, in inducing plaintiff to enter into said timber lease, went with plaintiff to the premises supposedly to be covered by said timber lease, and pointed out to plaintiff the purported boundaries of said property; that defendant, in inducing plaintiff to enter into said timber lease, represented to plaintiff that under the terms of the lease which defendant owned, he had the right to cut all pine and poplar timber located and situated on the property pointed out to plaintiff by defendant, suitable for sawmill purposes and measuring 8 inches in diameter and up, 8 inches from the ground; that defendant expressly told plaintiff that none of the timber located on the property pointed out to plaintiff by defendant was excluded from his lease; that relying upon defendant's representations, plaintiff entered into said timber lease with defendant as heretofore alleged; that subsequently to the execution of the timber lease, plaintiff entered upon the property pointed out to him by defendant and proceeded to cut the timber; that plaintiff was then restrained under a petition for injunction by the owner of the property from cutting certain timber on said land; that, contrary to defendant's representations, defendant's lease did not contain the right to cut all the timber described by defendant but that all timber within 100 yards of the main residence on the described property and all timber within 100 yards of the Twin Lakes located thereon was excluded from defendant's lease; that defendant's lease did not cover timber 8 inches in diameter and up, 8 inches from the ground, but only covered timber 8 inches in diameter and up, 12 inches from the ground; that the representations made by defendant were false and made wilfully and solely for the purpose of deceiving plaintiff; that at the time defendant made such representations defendant knew them

to be false but plaintiff believed them to be true; that because of such representations plaintiff was damaged in certain particulars and in certain amounts. The lease entered into between plaintiff and defendant recited in part: "does grant, bargain and lease . . all of the pine, popular [poplar] timber now being located and situate on the property herein described, suitable for sawmill purposes, measuring 8 inches in diameter and up, 8 inches from the ground to wit: Joe Hendricks' Twin Lake Place and to cover land described in a certain timber lease from E: H. Horn to T. R. Melton. All said land lying and being in the 4th land district of Marion County, Georgia." . The court sustained a general demurrer to the amended petition and plaintiff excepted.

1. The plaintiff bases his right of action on alleged false and fraudulent representations made by defendant as to what timber rights defendant had by virtue of his timber lease on the described premises. There is no allegation that plaintiff was prevented from examining defendant's lease or discovering its contents by artifice or fraud of the defendant, or that a confidential relationship existed between the parties, nor can inferences of such be drawn from a proper construction of the petition. In absence of such allegations, an action for deceit cannot stand if it appears that the plaintiff by the use of ordinary care could have discovered the falsity of the representations upon which the action is based, and by such standard the present action must fall. *Arthur* v. *Brawner,* 174 *Ga.* 477 (163 S. E. 604) ; *Browning* v. *Richardson,* 181 *Ga.* 413 (182 S. E. 516).

2. Nothing is here decided concerning the contractual relations between the parties or what contractual rights, if any, exist by virtue of the lease between them.

The court did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*