35847.   SCOTT *v.* FULTON NATIONAL BANK OF ATLANTA.

DECIDED OCTOBER 13, 1955.

*Benjamin B. Blackburn, III, Walter W. Aycock,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, A. G. Cleveland, Jr.,* contra.

QUILLIAN, J. 1. Stripped of its conclusions the petition alleges no more than that the bank's officer acting within the scope of authority vested in him by the institution represented to the plaintiff that ten thousand dollars would furnish the requisite operating capital for a corporation in which the plaintiff contemplated investing, that he considered the investment and advised the plaintiff to make it, whereupon the plaintiff without making any investigation, so far as the petition discloses, of the expediency of accepting the officer's advice bought stock in this corporation paying ten thousand dollars for the same.

It is true the petition does allege that the officer knew the Angel's, Inc., to be insolvent and that $10,000 would not pay the debts and obligations it then owed.

The petition does not allege sufficient facts from which it can be inferred that the officer of the bank did not consider the investment of $10,000 in Angel's, Inc., sound or that the $10,000 which the plaintiff paid for the stock did not furnish the corporation with requisite operating capital. While the opinion of the bank's officer that the investment in a corporation not entirely solvent was a sound or wise investment may indicate that he is not a man of astute business acumen, it does not show him to have been deceitful or dishonest. *First Bancredit Corp.* v. *J. G. McKenzie Lumber Co.,* 65 *Ga. App.* 595 (16 S. E. 2d 191); *Snow's Laundry & Dry Cleaning Co.* v. *Georgia Power Co.,* 61 *Ga. App.* 402 (6 S. E. 2d 159); *Cosby* v. *Asher,* 74 *Ga. App.* 884 (41 S. E. 2d 793).

2. There was no allegation that there existed any confidential

relationship between the parties, or that there was any emergency or condition to prevent the plaintiff from making further investigation of the assets of Angel's, Inc. So far as the petition discloses this information was given gratuitously and no relationship existed which would entitle the plaintiff to rely upon the representations made by the defendant's agent; therefore the plaintiff was under the duty to prosecute his own inquiries in order to ascertain the true financial condition of Angel's, Inc. For an action for fraud and deceit to stand it must appear that the plaintiff used reasonable diligence to ascertain the truth and thus protect himself from loss. One of the essential elements of an action for fraud and deceit is the intent on the part of the defendant to deceive the plaintiff. *Skinner* v. *Melton,* 84 *Ga. App.* 98 (65 S. E. 2d 693); *Watkins* v. *Mertz,* 83 *Ga. App.* 115 (62 S. E. 2d 744).

We are not unmindful that ordinarily the question of diligence is for the jury. But where as in this case the petition does not affirmatively allege that the plaintiff was diligent or contain averments of facts from which his diligence may be reasonably inferred, the petition sets forth no issue to be passed upon by the jury.

The trial judge did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*