27193. YOUNG v. WIGGINS et al.

HAWES, Justice. At issue in this case is the location of the dividing line between two adjoining city lots. Plaintiffs' lot lies to the west of defendant's lot. It appears, without dispute, that the plaintiffs and their predecessor in title have been in possession on the east side of their lot up to a fence line which was erected by the plaintiffs' predecessor in title in 1953; that the defendant paid for the wire and the plaintiffs' predecessor in title put up the posts and erected the wire which fence remained in place until sometime in 1969 or 1970, at which time the defendant removed the fence and erected, over the plaintiffs' protest, a new fence on a line which, at the rear of the lots in question, is 4.8 feet west of the old fence line. Plaintiffs brought this action to enjoin the defendant's continuing trespass and to recover monetary damages. On the trial of the case, plaintiffs abandoned their claim for monetary damages and at the conclusion of the evidence and after instructions from the court the jury found for the plaintiffs. The trial court accordingly entered a judgment enjoining the defendant from maintaining a fence or any other personal property west of the line dividing the properties which corresponded to the location of the fence erected in 1953. The defendant filed a motion for a new trial, which was overruled, and she appeals.

1. Appellant contends that the court committed reversible error in denying her motion for a directed verdict made pursuant to the provisions of *Code Ann.* § 81A-150 (a) at the conclusion of the plaintiffs' evidence and that this should be cause for a reversal notwithstanding that after

the introduction of all of the evidence there may have been evidence authorizing the verdict rendered. Appellant cites no case in support of this position and we have found none. Furthermore, sound reasoning dictates that her contention should not be upheld. Even if the trial judge erroneously failed to direct a verdict at the conclusion of the plaintiffs' evidence if thereafter evidence be admitted without objection, which, when considered with evidence previously admitted, makes out a case in favor of the plaintiffs, and the jury under proper instructions renders a verdict for the plaintiffs, it would be substituting procedure and form for substance to say that the case ought to be reversed and a new trial granted. To establish such a rule would manifestly be contrary to the intent of the Civil Practice Act and of the Appellate Practice Act and also contrary to the rule which prevailed in this State with respect to motions for nonsuit under the former practice. This contention is without merit.

2. As we view the case, all of the remaining contentions of the appellant are controlled by the ruling of this court in *Lockwood v. Daniel,* 193 Ga. 122 (17 SE2d 542). In headnote 4 of that case, it was ruled: "If separate proprietors of adjoining city lots . . . erect a fence, and they or their successors acquiesce in the fence as the dividing line for more than seven years . . . the fence will become the established dividing line, although it may result in an encroachment of two or three feet by [one lot on the other], according to the original plat of the lots. . ." The evidence which we have summarized above clearly shows establishment of a dividing line by the erection of a fence, possession by the plaintiffs and their predecessor in title up to that fence for a period exceeding seven years and acquiescence by the defendant in the location of the fence and the possession of the plaintiffs. Under these facts, and under the ruling in the case just cited, the court did not err in instructing the jury as to the establishment of the dividing line by acquiescence for

seven years. *Code* § 85-1602. The evidence authorized, if indeed, it did not demand, the verdict returned.

3. This case being one in equity, the court did not err in so molding its decree as to clearly indicate the scope of the injunction and the location of the line beyond which the defendant was prohibited thereby from maintaining an encroachment upon the plaintiffs' lot.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 8, 1972—DECIDED SEPTEMBER 7, 1972.

*Starkey S. Flythe,* for appellant.

*McGahee, Plunkett, Benning & Fletcher, Paul K. Plunkett,* for appellees.