### 29508, 29509. WALKER v. BUSH et al.; and vice versa.

HALL, Justice.

In this appeal concerning title to land, the record shows that Mrs. Walker, purchaser-appellant, agreed with Mrs. Bush, seller-appellee, upon an option contract the terms of which were subsequently extended and modified but which basically gave to Mrs. Walker the right to purchase land from Mrs. Bush for the building of a home. During the option period all parties met at the office of Mrs. Walker's attorney, Mrs. Bush being also represented by counsel, and certain documents were executed including a purported warranty deed from Mrs. Bush to Mrs. Walker; a security deed note and a security deed from Mrs. Walker to Mrs. Bush; and a closing statement. However, during this meeting a dispute arose concerning the desire of Mrs. Bush to include in the deed a stipulation that would protect her from warranting title against the possible encroachment of a neighbor's septic tank. At some time, which cannot be accurately determined from the record, the following language was added to the warranty deed: "This deed is made subject to any and all easements or claim of easements." This language was not acceptable to Mrs. Walker. However, all parties left the purported "closing" after agreeing to leave the documents in escrow with Mrs. Walker's attorney for various reasons including the correction of certain portions of the legal description of the land. It is Mrs. Walker's position that she never agreed to the easement stipulation and upon learning from her attorney that he

could not or would not insist that Mrs. Bush remove it, she took her papers from him and attempted to have another attorney "close" the deal for her. Failing in that attempt, she brought the instant suit for specific performance of the option contract on the theory that Mrs. Bush never tendered to her the clear title which the option contract required, because of the inclusion of the disputed easement stipulation. The record suggests that subsequently all parties learned that the feared encroachment did not exist.

At trial, only Mrs. Walker, the plaintiff, tendered any evidence. Both parties moved for directed verdicts, and the trial court, concluding that no questions of fact remained in the case, granted judgment to Mrs. Bush on her motion for directed verdict, and denied Mrs. Walker's claim for specific performance. The decision of the trial court was based on two conclusions: first, that stipulation was not inconsistent with Mrs. Bush's obligation under the option contract, assuming for the moment its applicability, because it did not prevent the passing of good and marketable title; and secondly, that in any event the evidence showed that Mrs. Walker had accepted the easement stipulation and was bound by it.

We reverse the trial court and remand the case for such further proceedings as may be required. The trial court should not decide disputed questions of fact on cross motions for directed verdict. The fact that both parties move for a directed verdict does not constitute a waiver by each party of the right to have fact issues decided by the jury if such fact issues remain. Code Ann. § 81A-150 (a). *Yablon v. Metropolitan Life Ins. Co.,* 200 Ga. 693 (1) (38 SE2d 534). Therefore the trial court erred in granting a directed verdict for Mrs. Bush because the evidence is not sufficiently clear to eliminate a fact question concerning whether Mrs. Walker accepted the easement stipulation or otherwise waived her right to object to it. Her own testimony was that she never agreed to it, and that depositing the papers in escrow was done for a double purpose: to allow correction of the legal description to be made, and also to have the dispute over the easement straightened out in some fashion by further negotiation. Her testimony does not answer the question whether the

stipulation was put on the deed before or after Mrs. Bush signed it, or before or after the parties left the meeting. On the other hand, the testimony of her husband, who also attended the meeting, was that the disputed stipulation was not put on the deed until after the meeting was concluded and they had left the premises. Finally, the attorney who had represented Mrs. Walker at the meeting testified that he was fairly sure the language was on the document before the parties left the meeting, but he was unsure whether it was on there at the time of the signing of the documents.

The trial court, by incorporating into the findings of fact several pages of the attorney's testimony, accepted his recollection as settling the fact question, and found the stipulation to have been accepted. This is an improper conclusion and ignores the conflicting testimony of Mrs. Walker and her husband. Such a question is for the fact finder to whom the task of weighing the recollections of the witnesses must be entrusted.

Additionally, the trial court erred in ruling that the stipulation was consistent with tendering to Mrs. Walker a good and marketable title. An easement stipulation such as this is an encumbrance on the title, and leaves the purchaser open to the subsequent assertion of a totally unrecorded and perhaps totally unknown claim of easement. *Walter L. Tally, Inc. v. Council,* 109 Ga. App. 100 (135 SE2d 515) (1964).

Our conclusions, then, are that by offering only a deed containing the disputed easement stipulation, Mrs. Bush did not offer good and marketable title; that there is a question of fact for the jury whether Mrs. Walker accepted the deed as it was actually offered; and that because of the remaining fact question, the trial court erred in granting a directed verdict on that ground for the seller, Mrs. Bush.

Mrs. Bush cross appeals, urging that summary judgment should have been granted for her on various other grounds running to the claimed invalidity of the option contract and its unsuitability for specific performance. We rule that the trial court did not err in failing to direct a verdict on each of these grounds. With respect to each assertion, "on motion for directed verdict

the evidence must be construed in its light most favorable to the adverse party [Mrs. Walker] in determining whether the verdict is demanded." *Reiss v. Howard Johnson's, Inc.,* 121 Ga. App. 119, 120 (173 SE2d 95).

Mrs. Bush's Enumeration 1 is without merit: Mrs. Walker's evidence concerning the estimated value of the land, and its general location, condition and possible uses, was, though not ample, adequate to overcome a motion for directed verdict made under Code § 37-805 on the asserted ground of inadequacy of price.

Enumeration 2 asserts that there was no evidence of consideration to support the contract or writing sued upon. This contract or writing was the option contract as modified. To the extent to which this enumeration urges that there was no consideration given for Mrs. Bush's consent to extend the option contract and modify its terms, the enumeration is unsupported by argument or citation of authority and is therefore deemed abandoned. Supreme Court Rule 18 (c) (2). *Roberts v. State,* 231 Ga. 395 (202 SE2d 43). Otherwise interpreted, the enumeration is without merit under our ruling regarding Enumeration 1.

Enumeration 3 urges that there was no evidence of valid tender by Mrs. Walker "to support the contract or writing sued upon." If the assertion is that the documents tendered by Mrs. Walker do not meet the terms of the option contract, the enumeration raises an issue of fact under the evidence presented, whether the parties by oral agreement at the "closing" chose to modify or abandon the terms of the option contract. This is an issue for the fact finder. The argument that Mrs. Walker did not adequately tender her documents and her check because the same were placed in escrow with her attorney after the dispute arose concerning the easement is without merit. Mrs. Bush's stated refusal to offer a deed without the disputed language excused Mrs. Walker from responsibility for any more formal tender than that already made. "While tender of the contract price is a prerequisite to the right to obtain specific performance of a contract, yet such necessity is waived where a vendor proclaims by conduct or declaration that a tender would be refused if made, for equity does not require a useless

thing. See *Smith v. Standard Oil Co.,* 226 Ga. 339, 340 (175 SE2d 14)." *Hale v. Higginbotham,* 228 Ga. 823, 825 (188 SE2d 515).

The fourth enumeration, that the contract was too vague and uncertain for specific enforcement, is not meritorious considering the option contract as a whole. *Belk v. Nance,* 232 Ga. 264, 266 (206 SE2d 449); *Griffis & Weaver Builders, Inc. v. Hopson,* 230 Ga. 459 (197 SE2d 694); *Ideal Realty Co. v. Reese,* 122 Ga. App. 707, 709 (178 SE2d 564). We express no opinion whether, upon retrial, the sale of Tract IV, for which a price per acre is given but for which there is no stated agreement to buy and sell, will or will not appear to be a proper subject for specific performance.

Enumeration 5 urging that Mrs. Walker "failed to meet the requirements of performance," appears to restate Enumeration 3 and is similarly without merit.

In No. 29508, the appeal by Mrs. Walker from a directed verdict for Mrs. Bush, the judgment is reversed and the appeal is remanded for further proceedings. In No. 29509, the appeal by Mrs. Bush from the court's failure to grant her motions for directed verdict on enumerated grounds, the judgment is affirmed.

*Judgment in No. 29508 reversed and remanded. Judgment in No. 29509 affirmed. All the Justices concur, except Jordan and Ingram, JJ., who concur in the judgment only.*

SUBMITTED JANUARY 17, 1975 — DECIDED MAY 13, 1975.

*Hayes, Hayes & Gaskill, Mose S. Hayes, Jr., Gershon, Ruden, Pindar & Olim, George A. Pindar,* for appellants.

*Cochran, Camp & Snipes, J. Al Cochran,* for appellees.