## 32314, 32315. FIRST AMERICAN BANK v. BISHOP
(two cases).

UNDERCOFLER, Presiding Justice.

These are suits by the Bishops to cancel a certain combination note, security agreement and disclosure statement given to the First American Bank. Damages are claimed also. In addition Alton Bishop seeks to cancel a guaranty executed contemporaneously with the combination note. The bank appeals the denials of its motions for summary judgment.

We affirm. In our opinion there are issues of fact which defeat the motions. They arise from the parties' positions concerning the execution of the combination note on May 2, 1975, following Lamar Bishop's adjudication of bankruptcy in February, 1975. Prior thereto Lamar Bishop had given certain notes to the bank for money loaned. His father, Alton Bishop, had guaranteed certain of these notes. After bankruptcy Lamar Bishop states he intended to reaffirm $5,000 of his indebtedness to the bank which he alleges is the amount guaranteed by his father. To accomplish this the Bishops swear the combination note was signed in blank with the agreement that the bank would insert the amount of $5,000. The note contains the amount of $26,474.90 which is the entire indebtedness owed the bank and which the bank swears the Bishops agreed to pay. This dispute must be reconciled by the trier of fact.

The Bishops argue that they were persuaded to sign the note in blank because of the confidential relationship between themselves and the bank officer handling the transaction. The bank officer is Lamar Bishop's brother-in-law. The Bishops state they had advised with, relied upon, and trusted him in past transactions. A confidential relationship does not arise between a bank officer and the bank's customer merely because they are brothers-in-law and have had loan transactions in the past. See Dixon v. Dixon, 211 Ga. 557, 563 (87 SE2d 369) (1955). Cochran v. Murrah, 235 Ga. 304 (219 SE2d 421) (1975), is inapposite on its facts. We note that the Bishops' complaint here is not that the instrument was misrepresented to them. All they claim is that an amount

not agreed upon was fraudulently inserted in a note signed in blank. This issue is primarily controlled by Code Ann. §§ 109A-3—115, 109A-3—407.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only in Case No. 32315, and dissents in Case No. 32314.*

ARGUED MAY 11, 1977 — DECIDED SEPTEMBER 29, 1977.

*George C. Kennedy, Jr., George C. Kennedy,* for appellant.

*Elliott & Turner, Tyrone Elliott,* for appellees.

*Huie, Ware, Sterne, Brown & Ide, W. Stell Huie, Clinton D. Richardson,* amicus curiae.