32628, 32629. CITIZENS & SOUTHERN NATIONAL BANK, AUGUSTA v. ARNOLD; and vice versa.

UNDERCOFLER, Presiding Justice.

The Citizens & Southern National Bank in Augusta appeals from a jury verdict in favor of Julian P. Arnold, Jr., who has also filed a cross appeal. The C & S Bank enumerates as error, among others, the failure of the trial court to direct a verdict in its favor, and we reverse on that ground.

Mr. and Mrs. Arnold, having decided to buy a motor home from Charles Gray pursuant to a newspaper advertisement, made an application to the defendant bank for a $6,500 loan in order to make the $8,000 purchase. The bank's agent checked the out-of-state title and informed the Arnolds that the title was in order. They closed the loan and the purchase was made. Several months later, the police discovered that the motor home had been stolen and took possession of it. The Arnolds then filed this suit against the bank for equitable constructive fraud, claiming that they had relied on the

agent's misrepresentation as to the title, however innocently made. They asked for cancellation of their $6,500 note with the bank and damages of $2,000. The jury found in favor of the Arnolds as to the cancellation of the note. In their cross appeal, the Arnolds enumerate as error the refusal of the trial court to charge on the damage issue.

Code Ann. § 37-702 provides in pertinent part: "Constructive fraud consists in any act of omission or commission, *contrary to legal or equitable duty, trust, or confidence justly reposed,* which is contrary to good conscience and operates to the injury of another. [It] . . . may be consistent with innocence." (Emphasis supplied.)

There is no confidential relationship between a bank and its customers merely because the customer had advised with, relied upon, and trusted the bankers in the past. *First American Bank v. Bishop,* 239 Ga. 809 (1977). Although the bank checked the title for the "mutual benefit" of the bank and Mr. Arnold, it owed no legal or equitable duty to do so. The title question was ancillary to the contract to loan money between the parties. We hold, therefore, that the Arnolds failed to show that the bank acted "contrary to legal or equitable duty, trust, or confidence justly reposed" as required under the statute.

In *Scott v. Fulton Nat. Bank,* 92 Ga. App. 741 (89 SE2d 892) (1955), the plaintiff followed the advice of the bank's agent in investing $10,000 in a company that went bankrupt shortly after he purchased the stock. The Court of Appeals held that the plaintiff failed to allege a claim against the bank, saying: "So far as the petition discloses this information was given gratuitously and no relationship existed which would entitle the plaintiff to rely upon the representations made by the defendant's agent; therefore, the plaintiff was under the duty to prosecute his own inquiries in order to ascertain the true financial condition of Angel's, Inc." *Scott v. Fulton Nat. Bank,* supra, p. 744. Although the claim in *Scott* was for actual fraud, the same rule obtains here. The Arnolds failed to make out a case by not showing any right to rely on the bank's agent's representations as to title. See *Shaw v. Cook County Federal Savings &c. Assn.,* 139 Ga. App. 419 (228 SE2d 326) (1976). They did so at their own risk.

Furthermore, we have often held that equity will not interfere on behalf of one alleging fraud where it appears that the person relying on the misrepresentation had an equal and ample opportunity to prevent his own injury by due diligence. E.g., *Browning v. Richardson,* 181 Ga. 413 (182 SE 516) (1935).

The trial court erred in failing to direct a verdict in favor of the bank. In light of this ruling, we need not reach the other enumerations raised in the appeal or the cross appeal.

*Judgment reversed on main appeal; cross appeal dismissed. All the Justices concur, except Jordan and Hill, JJ., who dissent. Nichols, C. J., disqualified.*

ARGUED SEPTEMBER 19, 1977 — DECIDED OCTOBER 21, 1977 — REHEARING DENIED NOVEMBER 9, 1977.

*Fulcher, Hagler, Harper & Reed, John I. Harper,* for appellant.

*Allgood, Childs & Brown, Richard R. Mehrhof, Jr.,* for appellee.

JORDAN, Justice, dissenting.

While I agree that the bank had no legal or equitable duty to check the title on the vehicle which was the subject of the loan, once the bank voluntarily assumed this duty it was then under an equitable obligation to the borrower to perform this duty in a nonnegligent manner. This the bank failed to do.

I would affirm the judgment of the trial court based on the jury verdict in favor of Arnold.

HILL, Justice, dissenting.

I respectfully dissent.

After becoming interested in purchasing the motor home, Mrs. Arnold applied through Mr. Fraser, a loan officer at the bank, for a loan. After completing the application, Mrs. Arnold was cautioned by Mr. Fraser about the purchase of a motor home from a transient. Thereafter, Mr. Arnold took the motor home to the bank and with Mr. Gray, the seller, met Mr. Fraser. Mr. Fraser

went to the office of the bank's title clerk to review the out-of-state title registration and to have the clerk telephone Kentucky to see if the title was good. The bank states that "Mr. Fraser checked on Mr. Gray and the title registration 'to mutually protect C&S Bank and Mr. Arnold.' " Mr. Fraser reported to Mr. Arnold that the title was in order. Mr. Arnold states that he did not check the title to the motor home, although he would have had he doubted that the bank did.

There was evidence from which the jury could and did find that Mr. Arnold justly reposed confidence in the bank; Code Ann. § 37-702. Therefore the jury's verdict and the denial by the trial court of the bank's motion for directed verdict should be affirmed. Code Ann. § 81A-150 (a); *Walker v. Bush,* 234 Ga. 366 (216 SE2d 285) (1975); *Young v. Wiggins,* 229 Ga. 392 (191 SE2d 863) (1972); *Mitchell v. State,* 236 Ga. 251 (4) (223 SE2d 650) (1976); *Jones v. State,* 139 Ga. App. 643 (229 SE2d 121) (1976).