70553. PARDUE et al. v. BANKERS FIRST FEDERAL SAVINGS & LOAN ASSOCIATION.
(334 SE2d 926)

BIRDSONG, Presiding Judge.

Appellants Pardue and O'Connor and others were loan debtors to appellee Bankers First Federal Savings & Loan Association. The bank offered a "lump sum discounted mortgage payoff plan" of loan prepayment. These discounts for mortgage prepayment resulted in tax liability to appellants under the Internal Revenue Code.

Appellants' class action suit claimed the bank was liable to them for failing a fiduciary duty to inform them the prepayment would result in tax liability. They sued for $5,000,000 actual and punitive damages and attorney fees.

In granting the bank's motion to dismiss, the trial court held: "[T]he Internal Revenue Code of 1954 is just as accessible to plaintiffs as . . . defendant[s]. The complaint shows no fiduciary duty to disclose a matter that was on public record and equally accessible to plaintiffs and no special relationship existed between the parties other than lender and borrower. *Shaw v. Cook County Federal,* 139 Ga. App. 419 (228 SE2d 326) (1976); *Third World Ltd. No. II v. Brewmasters of Augusta,* 155 Ga. App. 352 (270 SE2d 891) (1980); *Hubert v. Beal Roofing,* 158 Ga. App. 145 (279 SE2d 336) (1981)."

The trial court also found that under the provisions of OCGA § 7-4-21, a claim of violation on any loan secured in real estate may be asserted in an individual action only and may not be the subject of a class action. This appeal followed. *Held:*

We agree completely with the trial court, and find no basis whatever to support a fiduciary duty between lender and borrower or bank and customer which would impose a duty upon the bank or savings and loan association to advise appellants concerning their tax status.

Confidential relations are defined as those relationships, "whether arising from nature, created by law, or resulting from contracts, where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent, etc." OCGA § 23-2-58. In *Citizens &c. Nat. Bank, Augusta v. Arnold*, 240 Ga. 200, 201 (240 SE2d 3), the Supreme Court held: "There is no confidential relationship between a bank and its customers merely because the customer had advised with, relied upon, and trusted the bankers in the past. *First American Bank v. Bishop*, 239 Ga. 809 [(239 SE2d 19)]." See also *Shaw*, supra. The same is true of the relationship between savings and loan associations and their customers. There is, moreover, *particularly* no confidential relationship between lender and borrower or mortgagee and mortgagor for they are creditor and debtor with clearly opposite interests. In these circumstances, even if the bank had undertaken to advise appellants on their taxability and had mislead appellants, they would not be entitled to rely on any such representations but would be "under a duty to prosecute their own inquiries" concerning their tax liability. *Citizens &c. Augusta*, supra. In the matter of appellants' mortgage prepayments, the savings and loan association, who is their creditor, is not "so situated as to exercise a controlling influence over the will, conduct, and interest" of the appellants, nor is there any similar relation between them of mutual confidence. OCGA § 23-2-58. As a fundamental proposition, each taxpayer is, perhaps by definition, responsible for ascertaining his own tax status. Appellants' contention that the lender, in offering them a discount for prepayment, is responsible for appellants' failure to discover their own taxability, is nearly too absurd to note.

The trial court did not err in dismissing the appellants' complaint.

Accordingly, we find it unnecessary to determine whether such a case can be brought by class action in view of OCGA § 7-4-21, which forbids such actions for "a claim of violation on any loan secured by an interest in real estate." We note, however, that nothing in that code chapter imposes a fiduciary duty generally upon banks or savings and loan associations, or a duty in particular to advise customers and debtors of their tax status, failure of which would be a "violation" of the chapter.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 5, 1985.

*J. Richard Dunstan*, for appellants.

*James L. Lester, John B. Long,* for appellee.