## A97A0490. MOORE v. BANK OF FITZGERALD.
### (483 SE2d 135)

ELDRIDGE, Judge.

Appellant Sharon S. Moore appeals the trial court's grant of summary judgment to appellee, the Bank of Fitzgerald. We affirm the trial court's grant of summary judgment.

This case involves 935 acres of farm land located in Dodge and Coffee Counties which were owned and operated by appellant's husband, Pettice Lee Moore ("Lee Moore"), and mother-in-law, Edna Moore. In addition to the farming operation, appellant raised cattle on the land through her corporation, TASL Farms, Inc. ("TASL"). In an effort to consolidate their land debt, Lee and Edna Moore secured a $700,000 secured loan on the property through appellee on December 20, 1989, giving appellee a Deed to Secure Debt on the entire 935 acres.

When Lee and Edna Moore defaulted on the loan, appellee initiated foreclosure proceedings. Prior to the June 4, 1991 sale of the property, appellee agreed to loan appellant funds, in an amount roughly the equivalent to the outstanding indebtedness plus one dollar, in order to buy the property at foreclosure if she was the successful bidder. The terms of the oral agreement between appellant and appellee were reduced to writing in a letter dated May 30, 1991. The letter specifically noted that "[t]he terms of this letter will supersede any other verbal agreements made between the parties." Appellant was the successful bidder at the foreclosure sale and signed appellee's secured mortgage note in the amount of $737,635 on June 25, 1991.

Eighteen months later, on December 1, 1992, appellant filed a Chapter 12 bankruptcy petition in the United States Bankruptcy Court, Southern District of Georgia. As part of this proceeding, appellant/debtor was required to file with the court a list of all creditors and any property in which the secured creditors had an interest; appellant also was required to provide a current valuation of the security property. Further, if this valuation was challenged by a secured creditor, appellant/debtor and the creditor were "required to

provide all appraisals or other available information concerning valuation."

On January 12, 1993, appellee filed a proof of claim setting forth the amount of indebtedness owed by appellant to appellee in the amount of $880,026.39.[1] Although appellant originally filed an objection to the amount of indebtedness listed in the proof of claim, such objection was subsequently withdrawn by appellant. At that time, appellant did not assert any existing or potential claims against appellee in her bankruptcy petition, even though she was specifically required to disclose all of her assets and liabilities. 11 USC § 521.

After appellant filed a valuation of 851 acres of the security property at $450,000, appellee contested the valuation and asserted that the land should be valued at $772,000 instead; appellee requested a hearing on the valuation issue, which was held on February 2, 1993. Following the hearing, the bankruptcy court ruled that, for the purposes of a Plan of Arrangement, the value of the property with improvements thereon was $557,450.

After establishing the amount of indebtedness and the valuation of security property, appellant filed a Plan of Arrangement with the bankruptcy court pursuant to 11 USC § 506 (b) and the Federal Rule of Bankruptcy Procedure 3012. Appellee objected to several provisions of the Plan of Arrangement; appellee also filed a motion to dismiss or convert the case and a motion for relief from the automatic stay. After negotiations between the parties concerning the specifics of the plan, a Recast Plan of Arrangement was drafted and filed; appellee's objection and motions were withdrawn. The bankruptcy court confirmed appellant's Recast Plan of Arrangement on July 29, 1993.

On April 25, 1994, appellee moved for relief from the automatic stay so that the bank could foreclose on the property, asserting that the appellant/debtor failed to pay taxes on the secured property and failed to maintain insurance on the property; that appellee was prejudiced by the delay caused by the stay; that appellee's interests were not adequately protected; and that appellant lacked any equity in the property and was unable to successfully reorganize her debts. A hearing was held on the motion on June 21, 1994, at which time the court granted appellee relief from the automatic stay in order to allow appellee to foreclose its security interest in appellant's property.

In June 1994, after determining that the appellant was in default, appellee began foreclosure proceedings; the sale was sched-

---

[1] This amount includes additional loans by appellee to appellant for the purchase of cattle and other operating expenses.

uled for the first Tuesday in August 1994. On June 6, 1994, appellant amended her answer to Schedule B, question 20 of her bankruptcy petition, which required a listing of "other contingent and unliqui- dated claims of every nature, counterclaims of the Debtor and rights to set off claims," to include a claim against appellee for breach of fiduciary duty and breach of contract. Appellant also filed suit against appellee on June 10, 1994, for set-off or recoupment, dam- ages, punitive damages and expenses of litigation. However, the com- plaint was subsequently dismissed when, on September 9, 1994, appellant dismissed her Chapter 12 bankruptcy petition without prejudice pursuant to 11 USC § 1208 (b).

In the meantime, on August 1, 1994, appellant filed a complaint against appellee in the Superior Court of Ben Hill County asserting, inter alia, breach of fiduciary duty, breach of contract, and wrongful foreclosure. Appellant also requested a temporary restraining order against the impending foreclosure, which was denied by the court.

Appellee moved for summary judgment on February 27, 1996, asserting that appellant's complaint failed to assert a cause of action for which relief can be granted. The trial court granted summary judgment to appellee on August 23, 1996, and an appeal was timely filed.

1. *Res Judicata and Judicial Estoppel.* Appellant asserts in her first enumeration of error that the trial court erred in finding that her claims were barred under the theory of res judicata. This Court agrees with appellant that, under the specific facts of this case, res judicata does not apply here.

In the case sub judice, after appellant's Chapter 12 bankruptcy petition was filed and a Plan of Arrangement was confirmed by the court, appellant dismissed her suit without prejudice. Upon such dis- missal, all parties were returned to the status quo ante and the prop- erty of the estate was revested in appellant, who again became liable to the appellee for the entire debt, while appellee was freed from the automatic stay to pursue its right to foreclosure under its Deed to Secure Debt. See 11 USC § 349 (b) (3); see also *In re Nash*, 765 F2d 1410 (9th Cir. 1985) (dismissal of a Chapter 13 bankruptcy case effec- tively vacates a confirmed plan). While the appellee may have been prejudiced by the delay in pursuing foreclosure which resulted from the automatic stay, this slight prejudice is insufficient to bar appel- lant's claim under the principle of res judicata.

Further, appellee's assertion that judicial estoppel should bar the claim fails as well, even though the appellant failed to disclose a potential asset, the claim against appellee, in her sworn bankruptcy petition. Compare *Johnson v. Trust Co. Bank*, 223 Ga. App. 650 (478 SE2d 629) (1996). Cases holding that judicial estoppel precludes pre- existing, undisclosed claims are distinguishable on their facts and

are not controlling in this case. See *Hyre v. Denise*, 214 Ga. App. 552 (449 SE2d 120) (1994) (plaintiff/appellant's claim was barred by judicial estoppel after her Chapter 13 bankruptcy case was converted to a Chapter 7 petition); *Southmark Corp. v. Trotter, Smith &c.*, 212 Ga. App. 454 (442 SE2d 265) (1994).

We hold that, under the specific facts of this case, appellant's claim was not barred under the principle of res judicata or judicial estoppel.

2. In her second and third enumerations of error, appellant asserts that the trial court erred in granting summary judgment to appellee on the basis that appellant's complaint is not supported by genuine issues of material fact. Specifically, appellant asserts that the Statute of Frauds does not apply to the contracts underlying her complaint. We disagree as to both assertions.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. . . . If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff[/appellant's] claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

(a) *Breach of Fiduciary Duty.* Appellant's complaint asserts that appellee assumed a fiduciary position with respect to appellant's cattle business by undertaking the "management, direction, and control" over the operation. However, case law and evidence presented negates a finding of a fiduciary relationship between the parties. Such evidence includes a letter, signed by appellee, which affirmatively established the terms of any asserted oral contract between the two parties regarding future operating loans and other management issues. While this letter specifically noted that appellant would be required to meet monthly with a bank official to "monitor her farming operation and progress," there is no indication that the relationship between lender (appellee) and borrower (appellant) was so intertwined as to create a fiduciary relationship.

Further, appellee cites to *C & S Nat. Bank &c. v. Arnold*, 240 Ga. 200, 201 (240 SE2d 3) (1977) which held that "[t]here is no confidential relationship between a bank and its customers merely because the customer had advised with, relied upon, and trusted the bankers in the past." See also *First American Bank v. Bishop*, 239 Ga. 809 (239 SE2d 19) (1977); *Russell Corp. v. BancBoston Financial Co.*, 209 Ga. App. 660, 662 (434 SE2d 716) (1993). This Court, in *Pardue v. Bankers First Fed. Sav. &c. Assn.*, 175 Ga. App. 814 (334 SE2d 926) (1985), explained why such a relationship cannot be found, absent

special circumstances not present in the case sub judice, by stating that there is *"particularly* no confidential relationship between lender and borrower or mortgagee and mortgagor for they are creditor and debtor with clearly opposite interests. . . . [E]ven if the bank had undertaken to advise appellant on [her cattle operation] and had [misled] appellant, [appellant] would not be entitled to rely on any such representations but would be 'under a duty to prosecute [her] own inquiries' . . . [cit.]," as appropriate. (Emphasis in original.) Id. at 815.

Further, "[t]he mere fact that one reposes trust and confidence in another does not create a confidential relationship. 'In the majority of business dealings, opposite parties have trust and confidence in each other's integrity, but there is no confidential relationship by this alone.' *Dover v. Burns*, 186 Ga. 19, 26 (196 SE 785) [(1938)]." *Lewis v. Alderman*, 117 Ga. App. 855 (162 SE2d 440) (1968).

We hold that, as a matter of law, no fiduciary relationship existed between appellee and appellant.

(b) *Breach of Contract.* Appellant also asserts that appellee breached its agreements with appellant by acting to prevent the appellant from receiving her benefits under the agreements and by interfering with her performance of the agreements. The agreements at issue appear to be the loan on June 25, 1991 for approximately $737,635, evidenced by a written and executed loan document, and a previous oral agreement regarding the terms of the loan and future action by the parties, which was reduced to writing in a letter from appellee to appellant's husband on May 30, 1991. The letter reflecting the oral agreement provides for, inter alia, the bank to loan "reasonable funds for her cattle operation, provided that [appellant] can furnish assurances that cattle feed can be provided and that she can furnish data establishing the feasibility of pay back of such operating loan or loans, and provided that such operating monies and loans will be consistent with sound banking practices." Further, the letter states that its terms "will supersede any other verbal agreements made between the parties."

Appellant's assertion that appellee's refusal to renew her mortgage loan was a breach of contract is not supported by the document itself, which contains no such agreement to renew. Further, appellant admits that the parties had only "implicitly" agreed to such automatic renewal. Such parol evidence is inadmissible in a breach of contract action. See *Sawyer v. Roberts*, 208 Ga. App. 870 (432 SE2d 610) (1993).

Appellant further asserts that appellee's refusal to allow appellant to sell part of the security property to reduce her indebtedness was a breach of contract. However, the loan document and the letter memorializing the agreements between the parties do not evidence

any agreement that appellant would be allowed to divest herself of security property without appellee's permission. Again, appellant's assertions cannot be proved by parol evidence.

As to the alleged oral agreements between the parties concerning future operating loans, Georgia's Statute of Frauds, OCGA § 13-5-30, states that, among the obligations that "must be in writing and signed by the party to be charged therewith" is "[a]ny commitment to lend money." OCGA § 13-5-30 (7). Further, enforcement of an alleged oral agreement to make a future loan in an indefinite amount is barred by the Statute of Frauds. *Bridges v. Reliance Trust Co.*, 205 Ga. App. 400, 401 (422 SE2d 277) (1992). Therefore, appellant's breach of contract claim fails under the Statute of Frauds.

However, even if the letter from appellee to appellant is construed as a written commitment by appellee to make future operating loans, " '[u]nless an agreement is reached as to all terms and conditions and nothing is left to future negotiations, a contract to enter into a contract in the future [i.e., a loan] is of no effect. (Cits.)' *Malone Const. Co. v. Westbrook*, 127 Ga. App. 709 (194 SE2d 619) (1972)." *Hartrampf v. C & S Realty Investors*, 157 Ga. App. 879, 881 (278 SE2d 750) (1981).

The trial court was correct in granting summary judgment on the issue of breach of contract.

(c) *Wrongful Foreclosure*. Appellant's brief to this Court cited neither legal authority nor the record of this case to support this cause of action. Further, appellant's complaint regarding this cause of action was entirely dependent upon a finding by the court that appellee had breached its contract with appellant and breached its fiduciary duty, or both. Since we have found, supra, that such claims are not supported by the record or are otherwise barred, appellant's assertion of wrongful foreclosure fails also.

(d) Appellant further attempts to assert, for the first time on appeal, alternative theories of recovery which were not considered by the trial court, including promissory estoppel[2] and causes of action based on fraud[3] and a generic "intentional tort" theory. Therefore, lacking such consideration, there is nothing for this Court to review

---

[2] In addition, appellant's assertion of promissory estoppel was not supported in her appellate brief by "specific reference to the record or transcript," as required by Court of Appeals Rule 27 (c) (3) (i).

[3] Although appellant made references to alleged fraudulent conduct or misrepresentation by appellee in her original and amended complaints, she failed to plead fraud with particularity, as required by OCGA § 9-11-9. Further, in enumerating this alleged error to this Court, appellant failed to cite to specific facts in the record that support her allegation, instead insisting simply that "there is more than sufficient evidence in the record" for a factfinder to find that appellee's actions were fraudulent. Such reference is insufficient and will not be considered. See Court of Appeals Rule 27 (c) (3) (i).

regarding these theories. See *Collins v. Byrd*, 204 Ga. App. 893, 895 (420 SE2d 785) (1992).

Appellant failed to present evidence to create a genuine issue of fact for every element of each theory of recovery. A trial court's decision to grant summary judgment will not be disturbed if it is right for any reason. *Precise v. City of Rossville*, 261 Ga. 210, 211 (403 SE2d 47) (1991); see also *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673) (1989); *Simmons v. Boros*, 255 Ga. 524, 525 (341 SE2d 2) (1986). Therefore, we affirm summary judgment in favor of appellee.

3. Because this Court has found that the trial court's grant of summary judgment to appellee was appropriate, we reject appellant's final assertion that the court erred in not granting summary judgment to appellant.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED MARCH 4, 1997.

*Anthony J. Solari III*, for appellant.
*Mills & Chasteen, Ben B. Mills, Jr., Robert W. Chasteen, Jr.*, for appellee.

