[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 1, 2012
JOHN LEY
CLERK

No. 11-13101
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00833-CAP


PATRICIA WHITE,

                                                    Plaintiff-Appellant,


versus


AMERICAS SERVICING COMPANY,
US BANK NATIONAL ASSOCIATION,
as Trustee for the BNC Mortgage Loan Trust 2006-2,

                                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 1, 2012)


Before TJOFLAT, EDMONDSON and MARCUS, Circuit Judges.

PER CURIAM:

Patricia White, proceeding pro se, appeals the district court's dismissal of her amended complaint alleging fraud, breach of fiduciary duty, and the failure to provide requested information against Americas Servicing Company ("ASC") and U.S. Bank National Association ("U.S. Bank"), following the foreclosure sale of a condominium owned by White. On appeal, White argues that: (1) the district court improperly dismissed U.S. Bank as a defendant based upon insufficient service of process; and (2) the district court erred by dismissing her amended complaint as she alleged sufficient facts to satisfy the pleading requirements of both Fed.R.Civ.P. 12(b)(6) and 9(b). After thorough review, we affirm.

We review the district court's grant of a motion to dismiss for insufficient service of process by applying a de novo standard to the law and a clear error standard to any findings of fact. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010).

First, we are unpersuaded by White's claim that the district court erred in finding insufficient service of process. A plaintiff may serve process on a corporation

by delivering the summons and complaint to an officer, managing or general agent, or other agent who is authorized to receive service of process. Fed.R.Civ.P. 4(h)(1)(B). The plaintiff must make proof of service to the court by submitting the server's affidavit. Fed.R.Civ.P. 4(l)(1). Local Rule 41.3(A) states that a court may, with or without notice to the parties, dismiss a civil case for want of prosecution if a plaintiff, after notice, fails or refuses to obey a lawful order of the court in the case. See LR 41.3(A)(2), NDGa. Pro se litigants are still held to filing deadlines. See Vanderberg v. Donaldson, 259 F.3d 1321, 1325-26 (11th Cir. 2001).

In this case, the district court did not err by dismissing U.S. Bank as a defendant. Per the district court's order, White was required to file proof of service on U.S. Bank or, alternatively, show cause why her case should not be dismissed by May 6, 2011. However, White did not file the two affidavits of service on U.S. Bank until May 11, 2011. Therefore, they were untimely and in violation of the district court's order, and the district court did not err in dismissing U.S. Bank under Local Rule 41.3(A)(2). See Vanderberg, 259 F.3d at 1325-26.

We also reject White's claim that the district court erred by dismissing her amended complaint for insufficient allegation of facts. In reviewing the grant of a motion to dismiss, we take the factual allegations as true and construe them in the light most favorable to the plaintiffs. Edwards v. Prime, Inc., 602 F.3d 1276, 1291

(11th Cir. 2010). We are not, however, required to accept the labels and legal conclusions in the complaint as true. Id. Dismissal for failure to state a claim is proper if the factual allegations are not enough to raise a right of relief above the speculative level. Id. A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009).

When alleging fraud, a plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). Under Rule 9(b), a plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiffs; and (4) what the defendants gained by the alleged fraud." Am. Dental Ass'n, 605 F.3d at 1291 (quotations omitted).

Here, the three claims presented in White's amended complaint did not state a claim for relief that was plausible on its face. See Sinaltrainal, 578 F.3d at 1260. As for White's fraud claim, White failed to plead her fraud claim with particularity because White failed to allege who made the statements or misrepresentations, what their precise content was, as well as when and where they were made. See Am. Dental Ass'n, 605 F.3d at 1291. Similarly, as for White's breach-of-fiduciary-duty claim, she alleged only that ASC and U.S. Bank failed to act in accordance with their

4

fiduciary duties towards her, but provided no other facts to substantiate the existence of a fiduciary duty. What's more, Georgia courts have held that as a matter of law, no fiduciary relationship exists merely because of two parties' relative relationships as lender and borrower. See Moore v. Bank of Fitzgerald, 483 S.E.2d 135, 139 (Ga. Ct. App. 1997).

As for White's failure-to-provide-information claim, nothing in the submitted documents demonstrates that either ASC or U.S. Bank had a legal duty to provide the requested information. And finally, as for White's reference to interrogatories, the district court was not authorized to compel a response because the suit had not yet been filed. Moreover, White failed to identify any specific information she requested, to whom the request was sent, and on what date. Therefore, the district court did not err by dismissing White's amended complaint, and we affirm.

**AFFIRMED.**