A99A1647. REAGAN v. LYNCH et al.
(524 SE2d 510)

BLACKBURN, Presiding Judge.

Michael R. Reagan appeals the trial court's order granting the motion for summary judgment of the defendants, Chet W. Lynch and C. W. L. Enterprises, Inc. d/b/a TNT Trucking in the underlying action for breach of contract, negligence, and negligent supervision. The trial court determined that Reagan's failure to list the claims asserted herein in his bankruptcy petition, which was filed after the claims arose, judicially estopped him from pursuing this action. For the reasons discussed below, we affirm.

We review de novo a trial court's grant of summary judgment. *Bandy v. Mills*, 216 Ga. App. 407 (454 SE2d 610) (1995). To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts,

viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. The burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

(Punctuation omitted; emphasis in original.) *Jackson v. Post Properties*, 236 Ga. App. 701 (513 SE2d 259) (1999).

In the present case, the record reveals that on January 2, 1996, the defendants purchased two tractors and two dump trucks from Reagan for $50,000. In accordance with a written contract, the defendants were required to make monthly payments to Reagan, who, in turn, was required to make payments to the banks which held liens on the vehicles. Reagan alleges that the defendants made only one or two payments as required by the contract. Subsequently, the lienholders repossessed all of the motor vehicles directly from the defendants.

On November 27, 1996, Reagan filed for Chapter 7 bankruptcy; however, he did not list any claims or potential claims against the defendants as assets in his bankruptcy petition. On April 3, 1997, Reagan was discharged by the bankruptcy court.

The trial court determined that Reagan was judicially estopped from bringing the underlying action because he failed to list it as an asset in his bankruptcy petition.

The doctrine of judicial estoppel arises under federal law and precludes a party from asserting a position in one judicial proceeding which is inconsistent with a position successfully asserted by the party in an earlier proceeding. The essential function and justification of judicial estoppel [are] to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage in a forum provided for suitors seeking justice. The primary purpose of the doctrine is not to protect the litigants, but to protect the integrity of the judiciary. The doctrine is directed against those who would attempt to manipulate the court system through the

calculated assertion of divergent sworn positions in judicial proceedings and is designed to prevent parties from making a mockery of justice through inconsistent pleadings.

(Citations and punctuation omitted.) *Clark v. Perino*, 235 Ga. App. 444, 445 (1) (509 SE2d 707) (1998).

Although application of the doctrine of judicial estoppel is severe, whether to apply it depends entirely on the actions of the plaintiff. In *Southmark Corp. v. Trotter, Smith &c.*, 212 Ga. App. 454 (442 SE2d 265) (1994), we applied judicial estoppel to a plaintiff who failed to list his claims for legal malpractice in his Chapter 11 bankruptcy action. We determined that the plaintiff's excuse that he had been reasonably diligent in investigating potential causes of action was without merit because the bankruptcy court required disclosure of even potential claims. Id. at 456. In *Byrd v. JRC Towne Lake, Ltd.*, 225 Ga. App. 506, 507 (484 SE2d 309) (1997), the plaintiff contended that judicial estoppel should not apply because her failure to list her claim on her Chapter 13 bankruptcy schedule was not "an intentional attempt by her to mislead the court." Id. We affirmed the trial court's grant of the defendant's motion for summary judgment based upon judicial estoppel and held that neither the plaintiff's "neglect in failing to read the schedule nor any neglect she [attributed] to her attorney [was] a ground for relieving her of the duty to disclose the claims in the bankruptcy case." Id. at 508.

However, in *Johnson v. Trust Co. Bank*, 223 Ga. App. 650 (478 SE2d 629) (1996), although the plaintiff originally did not include the subject tort claim in his Chapter 7 bankruptcy, he later amended his petition to assert the claim as a potential asset. Additionally, the evidence indicated that he had given information concerning the tort claim to his attorney and the bankruptcy trustee. Therein, we held that due to the amendment to the bankruptcy petition, the plaintiff's present position was not "inconsistent with one successfully and unequivocally asserted by him in a prior proceeding." (Punctuation omitted.) Id. at 652. Again in *Clark*, supra, the plaintiff failed initially to include the subject claims in her Chapter 7 bankruptcy petition, filed pro se, but she later obtained permission from the court to amend her filings and correct the omissions. Id. at 445-446. Relying on *Johnson*, supra, we determined that the application of judicial estoppel was not warranted where the plaintiff had failed to gain an unfair advantage in the bankruptcy court. Id. at 651-652. We noted that by amending her petition, the plaintiff had assured that any recovery on the subject claims would inure to the benefit of her creditors. Id.

Reagan contends that judicial estoppel should not apply because he informed the bankruptcy trustee of the present claim he is assert-

ing against the defendants herein, as evidenced by the bankruptcy trustee's affidavit in the record. Yet, unlike the petitioners in *Johnson* and *Clark*, Reagan has neither amended his bankruptcy petition nor moved the bankruptcy court to reopen his estate to allow such an amendment. Informing the bankruptcy trustee is not notice to the court or the creditors in the bankruptcy action. Therefore, if Reagan is allowed to proceed, he will have obtained an unfair advantage in the bankruptcy court because any recovery had in the present action will not inure to the benefit of his creditors which have not been fully compensated.

Based on the foregoing, the present action is controlled by *Southmark*, supra, and *Byrd*, supra, and the trial court's application of judicial estoppel is affirmed.

*Judgment affirmed. Eldridge, J., concurs. Barnes, J., concurs specially.*

BARNES, Judge, concurring specially.

I concur fully in the judgment and opinion of the majority. I write separately, however, to emphasize to the bar that a party like the plaintiff in this case can avoid the application of judicial estoppel simply by filing a motion to amend the debtor's bankruptcy petition or a motion to reopen the debtor's bankruptcy case to declare the omitted claim or cause of action. This course of conduct guarantees that both the bankruptcy court and the debtor's creditors are accurately advised of the debtor's assets. With this information, the bankruptcy court can make a fair and equitable distribution of the debtor's estate, and the debtor's creditors can make an informed decision about their position and any settlement they enter into with the debtor. As the majority correctly states, notice to the trustee alone does not accomplish these goals, but a simple amendment or motion to reopen would.

I further note that the record in this case, unlike the record in *Wolfork v. Tackett*, 241 Ga. App. 633 (526 SE2d 436) (1999), includes a copy of the plaintiff's confirmation plan which shows that his creditors were not fully compensated in his bankruptcy action. As a result, we can conclude that he successfully asserted a contrary position in the bankruptcy and apply judicial estoppel.

DECIDED NOVEMBER 1, 1999.

*Calvin A. Rouse*, for appellant.
*Mark A. Cleary*, for appellees.