## A99A2020. SMALLS v. WALKER et al.
### (532 SE2d 420)

SMITH, Judge.

In this personal injury action, the plaintiff, Frank B. Smalls III, appeals from the trial court's grant of summary judgment to the defendants, Tashon Walker and Donald Scott Boyd. The trial court granted summary judgment to appellees on the ground that Smalls's claim against them was barred by the doctrine of judicial estoppel. Smalls contends that the doctrine does not apply and that because a genuine issue of material fact remains for jury resolution, summary judgment was not warranted. We do not agree, and we therefore affirm the judgment.

The record shows that Smalls was employed as a route salesman for the Coca-Cola Company and was injured in a work-related accident on January 17, 1995. His neck was injured, and he was eventually diagnosed with a cervical sprain. He applied for and received

---

workers' compensation benefits as a result of this accident. He was released to full duty on April 12, 1995. Smalls's job involved delivering cases of drinks to stores on his route.

On May 13, 1995, Smalls was involved in a second collision, in which Walker reacted to Boyd's erratic driving by backing up and hitting Smalls's bumper. Smalls maintains this accident resulted in little injury to him and no damage to his vehicle. According to Smalls, he had been experiencing disabling pain from the first accident that eventually rendered him completely disabled.

Because his pain became increasingly severe, Smalls saw a neurologist, who determined that Smalls had disk herniations. Smalls was placed on bed rest. Further tests confirmed disk protrusion and spinal cord compression. He continued to have severe pain and developed depression.

Believing that the second, minor accident was not the cause of his problems, but that they continued to result from his first, work-related accident, Smalls again sought workers' compensation benefits. The employer contested the claim, and a hearing was held. Smalls testified at that hearing that he was barely injured in the second collision and that the symptoms he experienced after the second collision remained those he had been having continuously since the first accident. Smalls maintained his disability was the result of the work-related injury of January 17, 1995.

In his findings of fact and conclusions of law on the second claim, the administrative law judge found that Smalls's testimony and the medical evidence differed and the medical evidence was "more reliable and more credible." The ALJ found that medical records showed that the second accident was not minor, that it was sufficient to aggravate a pre-existing condition, and that any disability since that time was related to that nonwork accident. Workers' compensation benefits were therefore denied.

Smalls appealed this decision. Because Smalls could not work and had overwhelming medical bills, he filed a petition for Chapter 13 bankruptcy in June 1996. He did not list a claim against Walker and Boyd as a potential asset. His plan was confirmed, and he continues to make small monthly payments to his creditors under that plan.

Smalls's appeals of his workers' compensation claim were exhausted in December 1996. He filed suit against Walker and Boyd in March 1997. When he became aware of the necessity of including the claim against Walker and Boyd as an asset, he instructed both his bankruptcy counsel and his personal injury counsel "to do whatever was necessary to correct the unintentional oversight."

Walker and Boyd filed motions for summary judgment, both relying upon judicial estoppel to bar recovery by Smalls. The trial

court found that Smalls testified at his workers' compensation hearing that he was not injured in the second accident, that no evidence existed in the record that Smalls ever amended his bankruptcy petition to list his claim against Walker and Boyd as an asset, and that he claimed to have been injured in the second accident in this action against Walker and Boyd. Based upon these findings, the trial court granted summary judgment to Walker and Boyd.

Although the term judicial estoppel is not explicitly mentioned in the order, it is clear that the trial court relied on that doctrine in awarding summary judgment to the defendants.

> The doctrine of judicial estoppel arises under federal law and precludes a party from asserting a position in one judicial proceeding which is inconsistent with a position successfully asserted by the party in an earlier proceeding. The essential function and justification of judicial estoppel are to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage in a forum provided for suitors seeking justice. The primary purpose of the doctrine is not to protect the litigants, but to protect the integrity of the judiciary. The doctrine is directed against those who would attempt to manipulate the court system through the calculated assertion of divergent sworn positions in judicial proceedings and is designed to prevent parties from making a mockery of justice through inconsistent pleadings.

(Citations and punctuation omitted.) *Reagan v. Lynch*, 241 Ga. App. 642, 643-644 (524 SE2d 510) (1999).

In Georgia, this federal doctrine has been applied to preclude the prosecution of an unliquidated tort claim that a discharged debtor failed to list as an asset on a bankruptcy petition. *Wolfork v. Tackett*, 241 Ga. App. 633 (526 SE2d 436) (1999). In *Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga. App. 454 (442 SE2d 265) (1994), this court held that failure to disclose such a claim in a Chapter 11 proceeding *authorizes entry of summary judgment against the debtor-plaintiff.* Id. at 455-456. And in *Wolfork*, supra, we noted that this duty extends to Chapter 13 bankruptcies as well. Unlike a Chapter 7 bankruptcy, in a Chapter 13 bankruptcy, the bankruptcy estate includes all property acquired by a debtor even *during* the bankruptcy proceeding. We therefore held in *Wolfork* that even failure to amend such a petition to include a tort claim acquired by the debtor *after* the original petition was filed warrants the application of judicial estoppel. Id. at 633-634.

1. We do not agree with the trial court that Smalls's testimony in the workers' compensation case works a judicial estoppel preventing

him from recovering in this suit. First, the issue of proximate causation — that is, whether his disabling condition was caused by the first, work-related, collision or by the second accident — is a complex question. It involves both opinions of medical experts as to facts and conclusions of law. Smalls was not qualified to render an opinion as to either. His testimony went only to his belief: He did not think he had been injured in the second accident, and he so stated. He had been experiencing similar symptoms on a regular basis after the first collision, and he believed his symptoms were caused by the first collision. Smalls never changed this position. But a judicial body found otherwise, concluding that Smalls's continuing disability was, in fact, a result of the second accident. Smalls himself never advanced contradictory assertions of fact.

Second, judicial estoppel requires a showing that the plaintiff's previous position was successfully asserted. *Southmark*, supra at 455. Smalls was not successful in his workers' compensation claim.

2. We do, however, agree with the trial court that Smalls failed to carry his evidentiary burden in opposing the motions for summary judgment by failing to correct the record in this case with regard to the prior bankruptcy proceeding. In their motions for summary judgment, the defendants pointed to Smalls's initial bankruptcy filings, showing that he failed to list this claim as a potential asset of the estate. They argued that Smalls was thereby judicially estopped from recovering on this claim.

This court has so held. See, e.g., *Reagan*, supra; *Byrd v. JRC Towne Lake, Ltd.*, 225 Ga. App. 506 (484 SE2d 309) (1997); *Southmark*, supra. Because bankruptcy proceedings require strict disclosure, failure to list a claim is seen as amounting to a denial that such a claim exists. Id. at 455-456. This precludes subsequent assertion of the claim. Id. at 456. We have rejected as insufficient excuses similar to that offered by Smalls for failing to list the claim: that it was unintentional and that he did not know he was required to list it. *Byrd*, supra at 507-508.

This court has also held that if the debtor initially fails to list the claim as a potential asset but later amends the bankruptcy filing or moves to reopen the bankruptcy proceeding to include the claim, judicial estoppel will not bar a later recovery on the claim. *Clark v. Perino*, 235 Ga. App. 444, 446 (509 SE2d 707) (1998); *Johnson v. Trust Co. Bank*, 223 Ga. App. 650, 651 (478 SE2d 629) (1996). Compare *Southmark*, supra (judicial estoppel applied where plaintiff did include omitted claims in several amendments).

In his brief in this appeal, Smalls asserts that he has amended his Chapter 13 plan. But this is not shown by the record. The record includes only Smalls's affidavit, in which he states that he "instructed" his attorneys to correct the oversight and that his attor-

neys "have contacted" the bankruptcy court and the trustee in bankruptcy and have "made lawful arrangements" to have any recovery he might obtain in this action inure to the benefit of the bankruptcy estate and, eventually, his creditors. But no amended bankruptcy pleadings or motions showing such action were filed with the trial court, notwithstanding that the defendants had filed with the trial court the original pleadings showing the omission and that both defendants asserted as undisputed fact that the filing did not disclose the claim as a potential asset.

> In a summary judgment analysis, once the movant has made a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the respondent to come forward with rebuttal evidence. In rebutting this prima facie case, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in OCGA § 9-11-56, must set forth specific facts showing that there is a genuine issue for trial.

(Citations and punctuation omitted.) *Etheredge v. Kersey*, 236 Ga. App. 243, 244-245 (510 SE2d 544) (1999). Here, although Smalls proffered his affidavit, that affidavit was insufficient to rebut the defendants' showing that the claim had been omitted from the bankruptcy filing. "In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." (Citations and punctuation omitted.) Id. at 245.[1] Because no evidence in the record shows that the bankruptcy petition was amended or the plan confirmed was reopened to include this claim, Smalls was judicially estopped to assert it. A trial court's ruling will be affirmed if it is right for any reason. *Maddox v. Cumberland Distrib. Svcs.*, 236 Ga. App. 170, 172 (1) (511 SE2d 270) (1999). We therefore affirm the grant of summary judgment to the defendants.

3. Because we conclude that summary judgment was proper for the reason discussed in Division 2, we need not address Smalls's remaining contention that summary judgment was improper because a genuine issue of material fact remained for jury resolution.

---

[1] Smalls moved this court to supplement the record on appeal with the documents filed in the bankruptcy court. We denied his request, noting that these documents had not been filed in the trial court. We informed Smalls, however, that he could move the *trial* court to supplement the record with these documents under OCGA § 5-6-41 (f), if they were "material to either party." He has not done so.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MARCH 24, 2000 —
RECONSIDERATION DENIED APRIL 12, 2000 — 

*Calvin A. Rouse*, for appellant.

*Dye, Tucker, Everitt, Long & Brewton, Troy A. Lanier, Glover & Blount, Percy J. Blount*, for appellees.