## A00A0825. JOWERS v. ARTHUR.
(537 SE2d 200)

MILLER, Judge.

The issue is whether judicial estoppel bars a state law personal injury claim not listed as an asset in a Chapter 13 bankruptcy proceeding (begun after the accident but before the institution of the personal injury suit), when the plaintiff/debtor dismisses the incomplete bankruptcy petition (whose reduced payout plan has already been confirmed) and then refiles a corrected bankruptcy petition that includes the claim. We hold that judicial estoppel does not bar the claim.

---

Sherry Jowers[1] sued Gertrude Arthur in superior court for personal injuries arising out of an auto collision. Citing judicial estoppel, Arthur moved for summary judgment against Jowers on the ground that Jowers had failed to list this claim as an asset in a Chapter 13 bankruptcy petition that Jowers had filed months after the accident and after she had consulted an attorney about the accident. With approval of the federal bankruptcy court, Jowers immediately dismissed her bankruptcy petition without prejudice (even though her plan had already been confirmed with a less than 100 percent payout), and then filed a new Chapter 13 bankruptcy petition listing the claim as an asset. Nevertheless, the superior court granted summary judgment to Arthur, which Jowers appeals.

Since 1994 we have followed the federal doctrine of judicial estoppel, which precludes a party from asserting in a judicial proceeding a position inconsistent with a position successfully asserted by it in a prior proceeding.[2] Applying this to both Chapter 7 and Chapter 13 bankruptcy petitions, we have held that in light of the stringent disclosure requirements of bankruptcy law, the failure to disclose an asset (such as a personal injury cause of action) in the bankruptcy schedules amounts to a denial that such asset exists and bars subsequent efforts to pursue the tort claim in a Georgia court.[3]

We have emphasized, however, that if the debtor initially fails to list the claim as a potential asset but later successfully amends the bankruptcy filing or reopens the bankruptcy proceeding to include the claim, judicial estoppel will not bar recovery on the claim.[4] Our first case applying this concept, *Johnson v. Trust Co. Bank*,[5] did not accept the rationale that allowing such an amendment or reopening to cure the omission permits dishonest plaintiff/debtors to conceal the asset from the bankruptcy court until " 'caught' " by the defendant in the subsequent personal injury action.[6] A majority of this Court was not persuaded that a tardy bankruptcy amendment, spurred by the filing of a summary judgment motion in the state tort action, represents a plaintiff/debtor's manipulating the court system by shifting positions when his interests change, which judicial estop-

---

[1] Asserting a claim for loss of consortium, her husband joined in the suit but later dismissed his claim without prejudice.

[2] *Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga. App. 454, 455 (442 SE2d 265) (1994); see *Smalls v. Walker*, 243 Ga. App. 453 (532 SE2d 420) (2000).

[3] Id. at 456-457 (2) (Chapter 13); *Reagan v. Lynch*, 241 Ga. App. 642, 643-644 (524 SE2d 510) (1999) (Chapter 7); *Byrd v. JRC Towne Lake, Ltd.*, 225 Ga. App. 506, 507 (484 SE2d 309) (1997) (Chapter 13).

[4] *Smalls*, supra, 243 Ga. App. at 456 (2); see *Clark v. Perino*, 235 Ga. App. 444, 446 (1) (509 SE2d 707) (1998).

[5] 223 Ga. App. 650 (478 SE2d 629) (1996) (whole court).

[6] Id. at 652.

pel is designed to prevent.[7]

Rather, focusing on a different analysis, the majority held that the plaintiff/debtor, who with the permission of the bankruptcy court reopens his bankruptcy case and amends the asset schedule to include the tort claim, gains no unfair advantage in the bankruptcy court.[8] The majority reasoned that the amendment adds the claim to the bankruptcy estate and thus inures to the benefit of the debtor's creditors.[9] Moreover, the legal consequence of the bankruptcy court's decision to reopen the case and to accept the amendment to the plaintiff/debtor's asset schedule is that the plaintiff/debtor's position in the tort suit no longer is inconsistent with a position he successfully and unequivocally asserted in a prior proceeding.[10]

We have since reiterated that amending the bankruptcy petition to include the claim, even after the bankruptcy case was closed, precludes judicial estoppel from barring the claim.[11] Thus, when we have applied judicial estoppel to bar a claim, there has been no evidence that the plaintiff ever attempted to amend his bankruptcy pleadings to include the tort claim.[12]

Moreover, while the underlying purpose of judicial estoppel is to prevent manipulation of the judicial process, it is the bankruptcy court that primarily is being manipulated in this instance. The creditors lose the potential to recover where such a claim is not listed. Therefore, if the bankruptcy court permits an amendment allowing an omitted tort claim, it stands to reason that the Georgia court in which the tort claim is asserted should honor the bankruptcy court's

[7] Id. at 653.

[8] Id. at 651-652. Notably, this ground for requiring the reversal of summary judgment in *Johnson* was separate from and independent of the majority's reasoning that the disputed evidence of the plaintiff/debtor's intent to manipulate the court system also required reversal of summary judgment. Id. at 651. Since under *Johnson* either ground alone is sufficient for not applying judicial estoppel, we do not address the factual question of Jowers's intent. See, e.g., *Smalls*, supra, 243 Ga. App. at 456 (2); *Wolfork v. Tackett*, 241 Ga. App. 633, 634 (526 SE2d 436) (1999) (whole court); compare *Clark*, supra, 235 Ga. App. at 446 (1).

[9] *Johnson*, supra, 223 Ga. App. at 651-652.

[10] Id. at 652.

[11] See *Smalls*, supra, 243 Ga. App. at 456 (2); *Wolfork*, supra, 241 Ga. App. at 634; *Reagan*, supra, 241 Ga. App. at 644-645; *Clark*, supra, 235 Ga. App. at 446 (1); see generally *Jones v. United States*, 1997 U. S. Dist. LEXIS 18356 (II) (N.D. Ga. 1997) (tort action stayed 60 days to permit plaintiff to apply to the bankruptcy court to reopen bankruptcy and add tort claim as asset, despite detrimental effect on defendant's judicial estoppel argument); *In re Daniel*, 205 Bankr. 346, 348 (N.D. Ga. 1997) (bankruptcy court allowed debtor to reopen Chapter 7 bankruptcy to add personal injury tort claim as asset of estate, noting that the Bankruptcy Rules accord the debtors the right to amend bankruptcy schedules "as a matter of course" and to liberally reopen a case). But see *Scoggins v. Arrow Trucking Co.*, 2000 U. S. Dist. LEXIS 5233 (S.D. Ga. 2000) (amendment to add a pre-petition tort claim spurred by summary judgment motion did not preclude operation of judicial estoppel).

[12] See *Byrd*, supra, 225 Ga. App. at 507-508; *Southmark*, supra, 212 Ga. App. at 456-457.

actions. To hold otherwise would produce overly harsh and inequitable results, for then everyone (except the allegedly culpable tort defendant) would lose, including the debtor's innocent creditors.[13] It is up to the bankruptcy court to consider any sanctions for a plaintiff's alleged attempts at manipulation under these circumstances.

The question then becomes whether Jowers's "without prejudice" dismissal of her bankruptcy proceeding (whose plan for a reduced payout had been confirmed) and subsequent refiling of a new petition that included the personal injury claim accomplishes the same result, for judicial estoppel purposes, that amending the asset schedule of the ongoing proceeding would have achieved. We hold that it does, for we have held that judicial estoppel does not apply if a plaintiff reopens a *closed* case (where discharge has already occurred) and amends the asset schedule.[14] We have reasoned that such does not constitute taking a position inconsistent with one successfully and unequivocally asserted in a prior proceeding.[15] Dismissing an ongoing proceeding before discharge and refiling an amended petition is even less like a successful and unequivocal assertion of an inconsistent position. Dismissal effectively vacates a confirmed plan, returns the debtor and her creditors to the status quo ante, and revests the estate's property in the debtor, with the debtor again liable for his debts and with the creditors free to pursue all legal remedies against the debtor.[16] It can hardly be said that the debtor's failure to list the tort claim successfully inured to her benefit in the dismissed case.[17]

The superior court erred in applying judicial estoppel to grant Arthur summary judgment.

*Judgment reversed. Pope, P. J., concurs. Smith, P. J., concurs specially.*

SMITH, Presiding Judge, concurring specially.

Although I believe this case shares many similarities with cases such as *Byrd v. JRC Towne Lake, Ltd.*, 225 Ga. App. 506 (484 SE2d 309) (1997), in which we concluded that the doctrine of judicial estoppel precluded the plaintiff from asserting a tort claim, I concur in the result reached by the majority. At least a subtle distinction exists between this case and *Byrd*. Jowers in effect amended her bankruptcy petition by successfully seeking its dismissal and filing another petition listing the potential tort claim in her schedule of assets. This distinction avoids the harsh result that would obtain

---

[13] See *In re Griner*, 240 Bankr. 432, 439 (3) (S.D. Ala. 1999).

[14] *Clark*, 235 Ga. App. at 445-446 (1).

[15] Id. at 446 (1).

[16] *Moore v. Bank of Fitzgerald*, 225 Ga. App. 122, 124 (1) (483 SE2d 135) (1997).

[17] See id. at 124-125 (1).

from a purely technical application of the doctrine of judicial estoppel.

DECIDED JULY 12, 2000.

*William R. McCracken*, for appellant.
*Dye, Tucker, Everitt, Wheale & Long, Jon E. Ingram, Jr.*, for appellee.