A00A1527. HARPER et al. v. GMAC MORTGAGE CORPORATION.
(538 SE2d 816)

MILLER, Judge.

In this case the debtors in their Chapter 13 bankruptcy petition statement of financial affairs listed a state court lawsuit in which they were seeking injunctive and declaratory relief. The question we are presented with is, does judicial estoppel bar that portion of the state court action setting forth tort claims for damages, where the

---

damage claims are not listed as assets on the bankruptcy asset schedule and where the debtors do not seek to amend the bankruptcy petition to include the claims? We hold it does and affirm. We further hold that the injunctive and declaratory relief claims survive, and therefore we reverse the dismissal of those claims.

Claiming Hayward and Shirley Harper defaulted on their mortgage payments, GMAC Mortgage Corporation scheduled a foreclosure sale. The Harpers sued GMAC in state superior court, seeking (1) to enjoin GMAC from proceeding with the foreclosure on the grounds the debt had been discharged by an earlier bankruptcy and there were no arrearages, (2) a declaratory judgment as to the amount of any debt due to GMAC, and (3) actual and punitive damages plus attorney fees. The superior court temporarily restrained GMAC from proceeding with the foreclosure sale. When the restraining order expired and GMAC recommenced foreclosure proceedings, the Harpers filed a joint Chapter 13 bankruptcy petition, stopping the foreclosure.

In the bankruptcy petition, the Harpers listed the pending suit in the statement of financial affairs and described it as being "Injunctive/Declaratory Relief," but they did not list the damage claims in their schedule of assets. They also received permission from the bankruptcy court to appoint special counsel to pursue the state court action, albeit they misdescribed the court in which the action was pending. GMAC filed a proof of claim for $99,605.94, of which $16,399.37 was arrearages. Nothing in the record indicates how much of this claim was allowed by the bankruptcy court, although a cryptic footnote in an unfiled document submitted by the Harpers to the trial judge indicates that "the plan payout to GMAC itself is less than their filed proof of claim. . . ." The bankruptcy petition gave the bankruptcy court no reason to believe there were any contingent assets in the form of pending damage claims in the state court action, and therefore, the court confirmed the Harpers' Chapter 13 plan even though the state court action was pending.

In the state court action, GMAC moved to dismiss all of the Harpers' claims on the grounds that judicial estoppel and collateral estoppel barred the claims.[1] The Harpers made no attempt to amend the asset schedule in the bankruptcy proceeding to include the damage claims. Two and one-half months later the state court dismissed the entire action, and the Harpers appeal.

1. Since 1994 we have followed the federal doctrine of judicial

---

[1] Since it referenced matters outside the pleadings, the motion should have been converted to a motion for summary judgment. OCGA § 9-11-12 (b). Cf. *Reagan v. Lynch*, 241 Ga. App. 642 (524 SE2d 510) (1999) (motion based on judicial estoppel was summary judgment motion). The Harpers, however, do not enumerate this as error.

estoppel, which precludes a party from asserting in a judicial proceeding a position inconsistent with a position successfully asserted by it in a prior proceeding.[2] Specifically, we have held that in light of the strict reporting requirements for Chapter 13 bankruptcy petitions, the failure to disclose an asset (such as a claim for damages) in the bankruptcy schedule amounts to a denial that such an asset exists and bars subsequent efforts to pursue the tort claim in a Georgia court.[3] *Wolfork v. Tackett*[4] explained that this duty to disclose requires a plaintiff/debtor to amend the relevant bankruptcy schedule once it becomes apparent a damage claim was omitted or has since accrued:

> The duty to amend Chapter 13 bankruptcy schedules is clear. A debtor may not conceal property belonging to the estate. A debtor has an affirmative duty to supplement the list of assets with any claims arising during the pendency of the bankruptcy proceeding. Failure to timely amend or supplement the list of assets amounts to a denial that such a claim exists.[5]

In *Johnson v. Trust Co. Bank*[6] the plaintiff filed for Chapter 7 bankruptcy but did not list a claim he had against Trust Company Bank in his schedule of assets, even though he had informed his attorney and the bankruptcy trustee of the claim, and the claim was listed in the statement of affairs. When the plaintiff became aware that his potential claim against the bank was not in the asset schedule, he sought and was granted permission from bankruptcy court to reopen his bankruptcy case and to amend his asset schedule to include the claim. We held that under the circumstances he did not intentionally attempt to manipulate and deceive the court system and that because he amended the bankruptcy schedules, he gained no unfair advantage in bankruptcy court. Accordingly, judicial estoppel did not bar his claim.[7]

Similarly, *Clark v. Perino*[8] ruled that judicial estoppel did not bar a claim originally omitted from a pro se bankruptcy petition but later added. In 1991, Clark sued Perino and IBM as a result of an accident. In 1994, with that action still pending, Clark filed a Chapter 7 bank-

---

[2] *Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga. App. 454, 455 (442 SE2d 265) (1994); see *Smalls v. Walker*, 243 Ga. App. 453, 455 (532 SE2d 420) (2000).

[3] Id. at 456 (2).

[4] 241 Ga. App. 633 (526 SE2d 436) (1999) (whole court).

[5] (Citations omitted.) Id. at 634.

[6] 223 Ga. App. 650 (478 SE2d 629) (1996) (whole court).

[7] Id. at 651-652.

[8] 235 Ga. App. 444 (509 SE2d 707) (1998). ·

ruptcy suit without identifying claims against Perino and IBM as potential assets. Clark was granted a bankruptcy discharge. After opposing counsel pointed out that the claim was omitted from the bankruptcy action, Clark successfully moved the bankruptcy court to reopen her bankruptcy to allow Clark to file amended schedules listing her claims. We held that because Clark successfully amended her claim once the mistake was noticed, she gained no unfair advantage in bankruptcy court.[9]

In contrast, we upheld the dismissal of a damage action in *Reagan v. Lynch*[10] because the plaintiff "neither amended his bankruptcy petition nor moved the bankruptcy court to reopen his estate to allow such an amendment," even though he had early on informed the bankruptcy trustee of the action. Informing the bankruptcy trustee is insufficient because it is

> not notice to the court or the creditors in the bankruptcy action. Therefore, if Reagan is allowed to proceed, he will have obtained an unfair advantage in the bankruptcy court because any recovery had in the present action will not inure to the benefit of his creditors which have not been fully compensated.[11]

*Reagan* controls the present case. The Harpers' refusal, despite the pending motion to dismiss, to amend their bankruptcy schedule to include the damage claims means that any recovery will not inure to the benefit of the creditors. The Harpers ignore the instruction that "a party like the plaintiff in this case can avoid the application of judicial estoppel simply by filing a motion to amend the debtor's bankruptcy petition or a motion to reopen the debtor's bankruptcy case to declare the omitted claim or cause of action."[12] Informing the bankruptcy court of only the equitable relief in the lawsuit does not suffice.

The Harpers claim that the confirmed Chapter 13 plan was a "100 percent payout," and thus all creditors were to be fully compensated. The record, even as supplemented by the Harpers' proposed plan (submitted to the trial court but not filed with the clerk), is unclear as to this point. Nevertheless, assuming the proposed plan was confirmed and paid out as the Harpers claim, such does not exempt the Harpers from the complete disclosure requirements of

---

[9] Id. at 445-446 (1).
[10] Supra, 241 Ga. App. at 645.
[11] Id.
[12] Id. at 645 (Barnes, J., concurring fully and specially).

bankruptcy law.[13] The proposed plan, which is contingent on money being available after paying secured claims, does not compensate creditors for interest accruing on their past due debts. Moreover, a creditor would likely rethink its consent or objections to the proposed long-term payout plan were it aware of additional assets. Similarly, a court would be less likely to force creditors to accept the long-term payout if it understood not all assets had been listed.

After the filing of the motion to dismiss, the Harpers were aware that they faced dismissal if they did not seek to amend their bankruptcy asset schedule. Despite the passage of ten weeks, they chose not to do so and thereby forfeited their right to pursue the damage claims. The trial court did not err in dismissing the damage portion of their claims.

2. The same is not true, however, of the injunctive relief and declaratory judgment claims, which were properly listed in the statement of financial affairs. GMAC argues that collateral estoppel bars these claims. It contends that because the bankruptcy court approved its proof of claim in its entirety (including the arrearages claim), and because the equitable claims hinge on the premise that the Harpers are not in arrears, the bankruptcy court's finding of arrearages bars these equitable claims.

The fatal flaw in this argument is that nothing in the record indicates how much of GMAC's proof of claim was approved other than a cryptic footnote in an unfiled submission that the payout was *less* than the proof of claim. Thus, the superior court had no basis to determine conclusively that the bankruptcy court had decided the issue of arrearages in favor of GMAC. Collateral estoppel mandates that the relevant issue actually be decided.[14] Therefore, collateral estoppel cannot apply here to bar the injunctive and declaratory relief claims. Accordingly, we reverse that portion of the judgment dismissing the injunctive and declaratory relief claims.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Mikell, J., concur.*

DECIDED AUGUST 30, 2000.

---

[13] In each case the Harpers cited as an example of "100 percent payout" plans where judicial estoppel was not applied, the debtor amended his bankruptcy petition to include the missing damage claim. See *Donato v. Metro. Life Ins. Co.*, 230 Bankr. 418, 422 (N.D. Cal. 1999); *Elliott v. ITT Corp.*, 150 Bankr. 36, 40 (III) (B) (i) (b) (N.D. Ill. 1992).

[14] *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866-867 (2) (463 SE2d 5) (1995).

*Michael C. Famiglietti, David E. Tuszynski*, for appellants.
*Morris, Schneider & Prior, Brian S. Tatum*, for appellee.