### A00A1648. McBRIDE v. BROWN.
(538 SE2d 863)

BLACKBURN, Presiding Judge.

In this personal injury action, Jonathan McBride appeals the denial of his motion for summary judgment. He contends that Anthony Keith Brown is judicially estopped from bringing suit against him because Brown failed to list the underlying personal injury action in his previously filed Chapter 13 bankruptcy action. For the reasons set forth below, we affirm.

"In reviewing the grant or denial of summary judgment, a de novo standard of review is applied, and we view the evidence with all reasonable inferences and conclusions in favor of the party opposing the summary judgment." *Tudor v. Ford.*[1]

Construed in this light, the record shows that Brown was involved in an accident with McBride on April 25, 1997. On January 30, 1998, Brown petitioned the bankruptcy court for relief under Chapter 13 of the Bankruptcy Code. Brown did not identify the McBride personal injury action as a possible asset in the petition. However, Brown did list a workers' compensation claim based on the McBride accident in his initial Chapter 13 filing. On March 11, 1998, Brown apprised those present at a bankruptcy creditors' meeting of this personal injury claim as indicated by the trustee's notes. Brown's Chapter 13 proceeding was dismissed, however, on June 30, 1998, due to his default on the agreed-upon payment schedule.

Brown then tried to correct his Chapter 13 petition to reflect the personal injury claim as an asset by amendment, filed June 28, 1999. On September 1, 1999, the bankruptcy court denied Brown's motion to reopen his bankruptcy case, because there was no defect in the procedure or error in the dismissal itself, as required to vacate a dismissal order under Bankruptcy Rule 60. Creditors were not harmed under these circumstances, and Brown did not benefit from his initial nondisclosure, as his bankruptcy action was dismissed. The

---

[1] *Tudor v. Ford*, 242 Ga. App. 573 (530 SE2d 474) (2000).

bankruptcy court did not find that Brown acted in bad faith or that he deliberately attempted to conceal his assets from creditors. Unlike cases where no attempt was made to correct the omission of pertinent information concerning a potential tort claim, the trustee was quickly informed of Brown's potential personal injury action.

Although judicial estoppel applies in situations where a party takes contrary positions in separate legal actions,

> [d]istinguishable are those cases where the debtor moved to reopen the bankruptcy proceeding to amend the asset schedule to include the tort claim, for then the proceeds of the claim would have inured to the benefit of the creditors, and the inconsistency of declaring that no such asset existed would have been cured through amendment.

*Wolfork v. Tackett*.[2] See also *Clark v. Perino*;[3] *Moore v. Bank of Fitzgerald*;[4] *Johnson v. Trust Co. Bank*.[5]

The heart of estoppel dictates that a party "may not assert a position in a judicial proceeding which is inconsistent with a position successfully asserted by it in a prior proceeding." *Wolfork*, supra at 633. Therefore, this case is distinguishable from traditional judicial estoppel claims because Brown did make an attempt to remedy the omission through amendment which the bankruptcy court denied, and he did not benefit from the nondisclosure at the expense of his creditors under the facts of this case. Id.

Based on the foregoing, the trial court did not err in denying McBride's motion for summary judgment.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 6, 2000 —
RECONSIDERATION DENIED SEPTEMBER 27, 2000 — ▉▉▉▉▉▉▉

*Brennan, Harris & Rominger, Mason White, James D. Kreyenbuhl*, for appellant.

*Robert S. Kraeuter*, for appellee.

---

[2] *Wolfork v. Tackett*, 241 Ga. App. 633, 634 (526 SE2d 436) (1999).
[3] *Clark v. Perino*, 235 Ga. App. 444, 445-446 (1) (509 SE2d 707) (1998).
[4] *Moore v. Bank of Fitzgerald*, 225 Ga. App. 122 (1) (483 SE2d 135) (1997).
[5] *Johnson v. Trust Co. Bank*, 223 Ga. App. 650, 651-652 (478 SE2d 629) (1996).