## A01A0369. DILLARD-WINECOFF, LLC v. IBF PARTICIPATING INCOME FUND et al.
### (552 SE2d 523)

BARNES, Judge.

Dillard-Winecoff, LLC sued IBF Participating Income Fund and a number of related entities (collectively "Interbank") for fraud, wrongful foreclosure, breach of fiduciary duty, and breach of contract in connection with a real estate acquisition loan. The trial court granted summary judgment to Interbank. Dillard-Winecoff appeals, and we reverse because the claims against Interbank are not precluded by judicial estoppel, res judicata, or collateral estoppel.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

On June 26, 1998, Interbank loaned Dillard-Winecoff $1.8 million to buy the Winecoff hotel in Atlanta. Dillard-Winecoff was subsequently unable to make the loan payments and filed a petition under Chapter 11 of the United States Bankruptcy Code on February 2, 1999. In its representation to the Bankruptcy Court of the Northern District of Georgia with respect to "contingent and unliquidated claims of every nature," Dillard-Winecoff listed "none."

On May 19, 1999, the bankruptcy court lifted the automatic stay because, among other reasons, Dillard-Winecoff had failed to timely file a plan of reorganization and had failed to establish means of paying its creditors. This allowed Interbank to proceed with a foreclosure on the hotel property in July 1999. On August 4, 1999, Dillard-Winecoff's bankruptcy case was dismissed without objection.

On September 10, 1999, Dillard-Winecoff filed this action claiming that Interbank engaged in a fraudulent scheme to acquire the Winecoff hotel property. Dillard-Winecoff describes the scheme as a "lend to own" plan whereby Interbank made the acquisition loan for the hotel with the intention of causing Dillard-Winecoff to default on the loan and provide Interbank an opportunity to procure the property in a foreclosure. Interbank moved for summary judgment on the ground that judicial estoppel, res judicata, and collateral estoppel precluded Dillard-Winecoff's action against it. The trial court granted Interbank's motion, but did not explain which of these doctrines applied to bar Dillard-Winecoff's claim.

1. Judicial estoppel is a federal doctrine that " 'precludes a party from asserting a position in a judicial proceeding which is inconsistent with a *position previously successfully asserted* by it in a prior proceeding.' [*Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga.

App. 454, 455 (442 SE2d 265) (1994).]" (Emphasis supplied.) *Wolfork v. Tackett*, 273 Ga. 328 (540 SE2d 611) (2001).[1] It is "directed against those who would attempt to manipulate the court system through the calculated assertion of divergent sworn positions in judicial proceedings." (Citations and punctuation omitted.) *Johnson v. Trust Co. Bank*, 223 Ga. App. 650, 651 (478 SE2d 629) (1996). See also *Southmark Corp.*, supra, 212 Ga. App. at 455 (purpose of judicial estoppel is to prevent "intentional self-contradiction"). Thus, two prerequisites must be present for judicial estoppel to apply: (1) prior assertion of an inconsistent position in another judicial proceeding; and (2) successful assertion of the previous inconsistent position.

Dillard-Winecoff claims that judicial estoppel should not prevent it from pursuing this action because its bankruptcy petition was dismissed and that therefore its position with respect to contingent claims was not "successfully asserted" in the bankruptcy action.

2. The precise meaning of "successfully asserted" in the context of judicial estoppel has not been explicitly addressed by this Court or our Supreme Court. In *Thaxton v. Norfolk Southern R. Co.*, 239 Ga. App. 18, 25 (2) (520 SE2d 735) (1999), we declined to apply judicial estoppel, in part, because the previous position was not " 'successful' or 'sustained by the court.' " In *Smalls v. Walker*, 243 Ga. App. 453, 456 (1) (532 SE2d 420) (2000), we refused to apply judicial estoppel, in part, because "judicial estoppel requires a showing that the plaintiff's previous position was successfully asserted[, and the worker] was not successful in his workers' compensation claim." (Citation omitted.) Id. In other opinions, we implicitly analyzed the success requirement in terms of whether the debtor obtained an unfair advantage or benefit in the bankruptcy court. See, e.g., *McBride v. Brown*, 246 Ga. App. 149, 150 (538 SE2d 863) (2000); *Johnson*, supra, 223 Ga. App. at 651.

Federal courts, from whom we borrow the judicial estoppel doctrine, have found the success requirement to mean "that a party's prior statement was actually accepted as true by a court or administrative agency. . . ." Comment: The Judiciary Says, You Can't Have It Both Ways: Judicial Estoppel — A Doctrine Precluding Inconsistent Positions, 30 Loyola L.A. L. Rev. 323, 336 (1996). "The requirement that the position be successfully asserted means that the party must have been successful in getting the first court to accept the position. Absent judicial acceptance of the inconsistent position, [the] application of the rule is unwarranted because no risk of inconsistent results exists." (Citations and footnote omitted.) *Edwards v. Aetna*

---

[1] We first adopted this doctrine in *Southmark Corp.*, supra, and it has been "commonly applied to preclude a bankruptcy debtor from pursuing a damages claim that he failed to include in his assets in the bankruptcy petition." *Wolfork*, supra.

*Life Ins. Co.*, 690 F2d 595, 599 (6th Cir. 1982). See also *S. J. Groves & Sons Co. v. Fulton County*, 967 FSupp. 501 (N.D. Ga. 1996).

In order to clarify the meaning of "successfully asserted" for purposes of judicial estoppel, we hold, based on the above case law, that a party has "successfully asserted" a previous inconsistent position when the first court adopts or accepts a party's previous inconsistent position in a manner that provides an unfair advantage or benefit to that party in the first proceeding.

Thus, we must determine whether the bankruptcy court adopted the prior inconsistent position of Dillard-Winecoff in a manner that benefitted it or provided an unfair advantage. In each of our previous cases applying judicial estoppel in the bankruptcy context, the bankruptcy court confirmed the debtor's plan or discharged his or her debts. See *Harper v. GMAC Mtg. Corp.*, 245 Ga. App. 729 (538 SE2d 816) (2000); *Wolfork v. Tackett*, 241 Ga. App. 633 (526 SE2d 436) (1999), aff'd, supra, 273 Ga. 328; *Reagan v. Lynch*, 241 Ga. App. 642 (524 SE2d 510) (1999); *Byrd v. JRC Towne Lake*, 225 Ga. App. 506 (484 SE2d 309) (1997); *Hyre v. Denise*, 214 Ga. App. 552 (449 SE2d 120) (1994); *Southmark Corp.*, supra, 212 Ga. App. at 455. Thus, the inconsistent position was adopted by the court, and the debtor obtained a benefit or unfair advantage with regard to its creditors in the bankruptcy.

In this case, the record does not show that the bankruptcy court discharged Dillard-Winecoff's debts or confirmed its plan before dismissing the bankruptcy action. As we recognized in *Jowers v. Arthur*, 245 Ga. App. 68, 71 (537 SE2d 200) (2000) (physical precedent), "[d]ismissal effectively vacates a confirmed plan, returns the debtor and her creditors to the status quo ante, and revests the estate's property in the debtor, with the debtor again liable for his debts and with the creditors free to pursue all legal remedies against the debtor." Thus, while a debtor benefits from a discharge of his debts in a case in which the bankruptcy court has accepted his underreporting of assets, there is no benefit when the case is dismissed. Additionally, the bankruptcy court has not adopted or accepted the debtor's inconsistent position. As a result, we cannot find that Dillard-Winecoff successfully asserted an inconsistent position in the bankruptcy court and apply judicial estoppel to bar its present claims.

3. This is the first case in which we refuse to apply judicial estoppel because only one of the factors required for its application, successful assertion, is absent. The fact that only one, instead of two or three, prerequisites is missing should not trigger the doctrine's application. Likewise, simply because more than one factor has been

absent in all of our previous cases[2] does not mean that we require such a showing to avoid application of the doctrine.[3] While a debtor's attempt to remedy the omission in bankruptcy court will preclude the application of judicial estoppel, it does not and should not represent the only way to prevent application of the doctrine. Nor should it be characterized as an exception to the application of judicial estoppel. Instead, it is a fact that precludes application of the doctrine because prerequisites required for its application are absent.

4. Interbank claims that it was entitled to summary judgment because this action is res judicata to the previous bankruptcy action.

> The doctrine of res judicata prevents re-litigation of matters that were or could have been litigated in a previously-adjudicated action. In order for res judicata to bar a subsequent action, it must be established that an identity of parties and subject matter exist between the two actions, and that a court of competent jurisdiction entered an adjudication in the earlier action.

(Citations omitted). *Labovitz v. Hopkinson*, 271 Ga. 330, 332 (2) (519 SE2d 672) (1999).

Interbank argues that Dillard-Winecoff could have asserted and litigated on the merits the claims it presents in this action in the prior bankruptcy proceedings. Interbank further claims that Dillard-Winecoff, having had the opportunity to fully and fairly litigate these issues, is precluded from raising them now. "[I]t is only where the merits were not *and* could not have been determined under a proper presentation and management of the case that res judicata is not a viable defense." (Emphasis in original.) *Piedmont Cotton Mills v. Woelper*, 269 Ga. 109, 110 (498 SE2d 255) (1998).

We were presented with a similar issue in *Moore v. Bank of Fitzgerald*, 225 Ga. App. 122 (483 SE2d 135) (1997). There the debtor's bankruptcy action was dismissed and the stay lifted so the creditor could foreclose its security interest in the debtor's property. The

---

[2] See *McBride*, supra, 246 Ga. App. 149 (inconsistent position and success requirements absent because bankruptcy dismissed and debtor moved to amend bankruptcy petition after dismissal); *Jowers*, supra, 245 Ga. App. 68 (inconsistent position and success requirements absent when debtor dismissed bankruptcy case without prejudice and refiles a corrected petition); *Clark v. Perino*, 235 Ga. App. 444 (509 SE2d 707) (1998) (inconsistent position and success requirements absent after debtor reopened bankruptcy and filed amended schedules listing undisclosed claims); *Johnson*, supra, 223 Ga. App. at 651 (inconsistent position, intentional manipulation, and success requirements absent after debtor successfully amended bankruptcy petition).

[3] Examination of our opinions outside the bankruptcy context shows that the success requirement is an independent element that should be analyzed separately. See *Thaxton*, supra, 239 Ga. App. at 25; *Smalls*, supra, 243 Ga. App. at 456.

debtor later filed suit against the creditor on claims of breach of fiduciary duty, breach of contract, and wrongful foreclosure. We found that res judicata did not bar the debtor's claims, noting the effect of the bankruptcy dismissal in returning the parties to the status quo ante. Id. at 124 (1). "For a former judgment to be a bar to subsequent action, the merits of the case must [be] adjudicated." OCGA § 9-12-42. And while an "adjudication on the merits" need not be based on a consideration of the actual merits of the case, see *Woelper*, supra, 269 Ga. at 110, a dismissal without prejudice is not an adjudication on the merits. See *O'Kelley v. Alexander*, 225 Ga. 32, 34 (165 SE2d 648) (1969).

5. Interbank argues that Dillard-Winecoff is collaterally estopped from pursuing its claims in this action. "Collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies." *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866-867 (2) (463 SE2d 5) (1995). Here there were clearly no litigation and adjudication in the bankruptcy court of the claims presented in this action.

For the foregoing reasons, we find that the trial court erred in granting summary judgment to Interbank.

*Judgment reversed. Blackburn, C. J., Pope, P. J., Phipps and Mikell, JJ., concur. Andrews, P. J., and Smith, P. J., dissent.*

SMITH, Presiding Judge, dissenting.

In a number of carefully reasoned opinions, this court has carved out a very limited exception to the application of the doctrine of judicial estoppel. We have held that when two factors are present, we will not apply the doctrine to prevent a debtor from bringing an action on a claim that was omitted from a bankruptcy petition. These factors are: (1) that the debtor did *something* to remedy the omission in the bankruptcy court; and (2) that the debtor did not benefit from the omission at the expense of his creditors. See, e.g., *McBride v. Brown*, 246 Ga. App. 149, 150 (538 SE2d 863) (2000). Because I cannot agree that the exception should be extended to include a case where only one of these factors is present, I respectfully dissent.

The majority ignores the fact that *McBride* clearly makes the two factors conjunctive; I have found no cases when the disjunctive was used or the two conditions were alternatives. Certainly, when the bankruptcy petition is actually amended, the debtor has satisfied the first condition, as well as the second. But the reverse is not true. And in my view, we should not allow the debtor to take advantage of the exception when he or she has sat idly by and made absolutely no attempt to remedy the omission. This is surely an invitation to deception. I would affirm the trial court's grant of summary judgment to

IBF because Dillard-Winecoff's claims against IBF were barred by the doctrine of judicial estoppel.

I am authorized to state that Presiding Judge Andrews joins in this dissent.

DECIDED JULY 16, 2001 — 

*Hipes & Norton, Albert L. Norton, Jr., John E. Bellus, Jr., Kilpatrick Stockton, Jeffrey J. Toney*, for appellant.

*Weinstock & Scavo, Richard J. Capriola, Mark I. Sanders, Susan B. Jacobs*, for appellees.