**In the Matter of Gary D. LOTT, Debtor.**

**No. 98–50320–JDW.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

Sept. 24, 2001.

---

**872**

Franklin Hayes, Douglas, GA, W. Edward Meeks, Jr., Albany, GA, for Gary D. Lott.

### MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Debtor Gary D. Lott's Motion to Amend Debtor's Chapter 13 Bankruptcy Proceeding. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(A). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Debtor filed a Chapter 13 bankruptcy petition on April 1, 1998, which was confirmed on September 23, 1998. On February 2, 2000, Debtor filed a medical malpractice suit against Defendants Romulo Navarro and Michael Dawson in Coffee County Superior Court. Although the claim had arisen prior to confirmation of his Chapter 13 plan, Debtor did not realize he had a claim until after confirmation. Debtor completed the Chapter 13 plan, paying one hundred percent of all claims, and was discharged on May 3, 2001. A final report was submitted by the Trustee, but the case has not yet been closed. On August 31, 2001, after the issue of disclosure of the claim had been raised in a state court proceeding, Debtor filed a motion to amend his bankruptcy schedules to add the medical malpractice claim. The Trustee does not object. The Court held a hearing on Debtor's motion on September 17, 2001.

### Conclusions of Law

Under Federal Rule of Bankruptcy Procedure 1009(a),[1] because his case is still open, Debtor currently has a right to amend his bankruptcy petition without leave of Court so long as he gives notice to the Trustee and other affected parties. Having met each of these requirements, Debtor's motion is unnecessary. Nevertheless, he has made the request due to recent interpretations of the doctrine of judicial estoppel as applied to bankruptcy debtors by state courts.

Several decisions from the Georgia Court of Appeals have raised questions about when the state courts will permit a bankruptcy debtor who failed to list a tort claim as an asset on his bankruptcy schedules to pursue that claim without the bar of judicial estoppel. Judicial estoppel prevents a party from asserting "a position in a judicial proceeding which is inconsistent

---

1. "A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby." Fed. R. Bankr.P. 1009(a).

with a position successfully asserted by it in a prior proceeding." *Southmark Corp. v. Trotter, Smith & Jacobs,* 212 Ga.App. 454, 455, 442 S.E.2d 265, 266 (1994). According to the court of appeals in *Wolfork v. Tackett,* 241 Ga.App. 633, 526 S.E.2d 436 (1999), *aff'd* 273 Ga. 328, 540 S.E.2d 611 (2001), a bankruptcy debtor who fails to disclose an asset to the bankruptcy court and is then discharged has successfully asserted a position that, in essence, denies the existence of the asset. *Id.* at 633, 526 S.E.2d at 437,; *see also Harper v. GMAC Mortgage Corp.,* 245 Ga.App. 729, 731, 538 S.E.2d 816, 817–18 (2000) ("A debtor has an affirmative duty to supplement the list of assets with any claims arising during the pendency of the bankruptcy proceeding. Failure to timely amend or supplement the list of assets amounts to a denial that such a claim exists.").

The court of appeals in *Wolfork* reached a conclusion-affirmed by the Supreme Court of Georgia-but did not shape a test to guide future debtors. In *McBride v. Brown,* 246 Ga.App. 149, 538 S.E.2d 863 (2000), the Georgia Court of Appeals focused on two factors for determining whether the assertion of a contradictory position was successful: (1) the debtor's attempt to remedy the omission, even though the bankruptcy court refused to allow the debtor to amend his petition; and (2) the fact that the debtor did not benefit by the omission to the detriment of his creditors. *Id.* at 149–50, 538 S.E.2d at 864. Because the debtor in *McBride* satisfied both factors, the court determined that he had not successfully asserted an inconsistent position. *Id.* at 150, 538 S.E.2d at 864.

In the most recent case, *Dillard–Winecoff, LLC v. IBF Participating Income Fund,* 250 Ga.App. 602, 552 S.E.2d 523 (2001), a Chapter 11 debtor whose case was dismissed prior to confirmation of his plan was allowed to sue in state court on a fraud claim not listed in his bankruptcy petition. *Id.* at 602, 604, 552 S.E.2d at 524, 525–26. The court of appeals was persuaded by two factors: (1) The bankruptcy court never adopted the inconsistent position asserted by debtor because it had neither confirmed the debtor's plan nor discharged its debt; and (2) the dismissal put the debtor and its creditors in their pre-bankruptcy positions, so that the debtor did not benefit by his omission to the detriment of his creditors. *Id.* at 603–605, 552 S.E.2d at 525–27.

Having considered each of these cases, this Court understands the law of judicial estoppel as applied to bankruptcy debtors in Georgia courts to be as follows: (1) if the bankruptcy court has accepted an inconsistent position asserted by the debtor, e.g., by confirming a plan or by discharging the debtor's debts, the debtor must attempt to amend his bankruptcy petition to include the omitted tort claim; and (2) the debtor must not benefit from omitting the tort claim at the expense of his creditors.

■ The judicial estoppel doctrine is not applied to create a windfall for the alleged wrongdoer, the tortfeasor, at the expense of creditors of the bankruptcy estate. The rule provides a means for the court to evaluate the intent of the debtor "to prevent the manipulation of the judicial process." *Jowers v. Arthur,* 245 Ga.App. 68, 70, 537 S.E.2d 200, 202 (2000). The rule tests whether the debtor obtained an unfair advantage over another party. *See* Hon. William Houston Brown et al., *Debtors' Counsel Beware: Use of the Doctrine of Judicial Estoppel in Nonbankruptcy Forums,* 75 Am. Bankr.L.J. 197, 225–26 (2001).

By examining the Georgia courts' application of judicial estoppel, this Court is not trying to intrude on their jurisdiction. In fact, one judge in this District has correct-

ly concluded that the impact on a judicial estoppel defense should not be the basis of a bankruptcy court's decision of whether or not to reopen a bankruptcy case because the conflicting assertion did not occur in the bankruptcy court. *In the Matter of Dewberry,* 266 B.R. 916, 920–21 (Bankr.S.D.Ga.2001). Judicial estoppel "must be invoked in the Court in which the apparent self-serving contradiction occurred and in which the defense is first asserted. As such, it is not for [the bankruptcy court] to anticipate that Debtor's prior conduct in this forum was of such a character as to warrant the 'death penalty' to his subsequent [nonbankruptcy] case and bootstrap that belief into a conclusion that reopening should be denied." *Id.*

In *Jowers,* the Georgia Court of Appeals stated that the bankruptcy court was being manipulated by the debtor's conflicting assertions. 245 Ga.App. at 70, 537 S.E.2d at 202. In that case, the debtor had omitted a personal injury claim in her Chapter 13 filing, and when the defendant in the personal injury case raised judicial estoppel as a defense, the bankruptcy court allowed the debtor to dismiss her bankruptcy case-after her Chapter 13 plan had been confirmed-and refile with the claim scheduled. *Id.* at 69, 537 S.E.2d at 200–01. The court determined that if the bankruptcy court was willing to allow the debtor to remedy her manipulation, then the state court should "honor the bankruptcy court's actions" by denying judicial estoppel. *Id.* at 70–71, 537 S.E.2d at 202. "To hold otherwise would produce overly harsh and inequitable results, for then everyone (except the allegedly culpable tort defendant) would lose, including the debtor's innocent creditors." *Id.* at 71, 537 S.E.2d at 202.

The court in *Dewberry* is correct that no conflict arises until the debtor asserts her claim in nonbankruptcy court, and the determination of whether there are conflicting assertions lies solely with the nonbankruptcy court. Nevertheless, the actions of the bankruptcy court necessarily provide some guidance to the state courts in the judicial estoppel analysis. The debtor uses the bankruptcy court as the forum for reconciling her judicial assertions. As a result, the question of conflicting judicial assertions is considered in the bankruptcy court after the amendment. The state court rule assumes, correctly, that the bankruptcy court is equipped to use the information provided by the amendment to protect the debtor's creditors.

■ Debtor in this case is concerned about his state-court-imposed obligation to attempt to amend his schedules. While understanding that Debtor would desire a court order as proof of his attempt to amend, the Court is confident that a state court would accept proof of actual amendment as equivalent to an order allowing amendment. Debtor need not request permission to exercise a right granted by the Bankruptcy Rules. For this reason, the Court is required to decline to rule on this motion because it presents no issue ripe [2] for adjudication.

An Order in conformance with this Opinion will be entered on this date.

### ORDER

In accordance with the Memorandum Opinion entered on this date, the Court hereby declines to rule on Gary D. Lott's Motion to Amend Debtor's Chapter 13 Bankruptcy Proceeding.

---

**2.** "The Constitution limits the exercise of judicial power to 'cases and controversies.'" *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937) (citing U.S. Const. Art. III, sec. 2, cl. 1).